Cass Earp, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. Confessions must be voluntary, and without the slightest hope of benefit or the remotest fear of injury, in order to ground the conviction for crime thereon.
2. If the confessions go to the jury without objection, and no motion be made to rule them out, still counsel may request the court in writing to charge the above principle to the jury, and the refusal to do so is error.
3. The assurance by the arresting officer to a girl fourteen years old, that she shall not be hurt, does hold out to her a hope of benefit to induce her confession, and is sufficient evidence on which to predicate a charge of this principle of law; and where a conviction depends in a considerable degree upon such confession, the evidence being circumstantial, and hardly sufficient to authorize a conviction without the aid of the confession, the court should give the principle in charge when requested, and the refusal to do so is good ground for a new trial.

Criminal law. Confessions. Evidence. Charge of Court. Before Judge McCutchen. Bartow Superior Court. December Adjourned Term, 1874.

Reported in the opinion.

A. Johnson; A. P. Wofford, for plaintiff in error.

A. T. Hackett, solicitor general, for the state.

Jackson, Judge.

Cass Earp, the defendant, is a negro girl some fourteen years old. She was charged and convicted of murder, in throwing a little colored child two years old into the river. The child was found dead some week or so afterwards, lower down the river, in a fish trap. The evidence was purely cir-

Earp *vs.* The State of Georgia.

cumstantial, and hardly sufficient to authorize a conviction without the aid of defendant's confessions of guilt. Those confessions were, that she threw the·child into the river, but they were reluctantly made by her, and before she made them she said "If I tell you, won't you hurt me?" to which the reply of the constable was, "no, you shan't be hurt; I came here to arrest you, and you shan't be hurt." This promise was repeated ·to her upon her hesitating and asking the question again, and then, and only then did she make the confession. The confession went to the jury without objection, and her counsel requested the court to charge, "that in order to make her confessions evidence against her, it must appear to. the satisfaction of the jury that such confessions were made voluntarily, without being induced by another by the slightest hope of benefit, or the remotest fear of injury." The court refused so to charge, and this was the main ground of the motion for new trial, which was refused, and error is assigned thereon. The Code declares "to make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit, or remotest fear of injury." The request is therefore in the very language of the Code, and should have been given to the jury, unless the defendant forfeited her right to the charge by the failure of the counsel to object to the confession, or to move to rule it out. The court below put his refusal upon this ground, and the naked question is, should a conviction for murder stand upon illegal evidence because it went to the jury without objection, when the court's attention was called to it, and he was requested to charge the law thereon, and wholly failed to do so? We think that it should not stand, but that the unhappy; and doubtless guilty girl, should have another chance for her life, and if convicted, should be convicted *according to law.*

A motion to rule out the evidence would have been the safer and better practice; but if admitted, we think the law should go to the jury with it, that it might have only the weight to which it is entitled. The girl here evidently hoped that she would make something by her confession, for the

great man of the company, in her eyes, the constable, assured her that she should not be hurt, after she had expressed her apprehensions that they would hurt her. Besides, some of the witnesses heard the promise of the constable that she should not be hurt, and others did not, and the testimony of the latter was in before it was certain that such hopes were held out to her to induce the confession, and in such case the counsel might well prefer not to rule out the evidence, as it was already in, but to ask the instructions of the court thereon. At all events, the circumstantial evidence, without the confessions, would scarcely justify the hanging of this defendant; and if her confessions were illegally extorted from her, she ought not to suffer the death penalty. Besides, we think this court has substantially ruled the point in issue: See *Holsenbake vs. The State*, 45 *Georgia*, 47; *Stallings vs. The State*, 47 *Ibid.*, 572; and *Nathan Irwin vs. The State*, 54 *Ibid.*, 39. These cases leave this no longer an open question in this court. Let the judgment be reversed on the ground that the court erred in not granting the new trial on the ground predicated upon the refusal to charge as requested.

Judgment reversed.