MILLEN *vs.* THE STATE OF GEORGIA.

1. An indictment against a principal in the second degree need not describe him as such in express terms. It is enough to charge both principals with the offense, and then allege that one of them perpetrated the crime, and that the other was present aiding and abetting

2. The acts and sayings of the principal in the first degree are admissible to show the guilt of such principal on the trial of the principal in the second degree, where such acts and sayings are contained in the confessions of the principal in the second degree.

3. The jury may consider all legal evidence to corroborate confessions; and where such confessions go to the jury without objection or motion to rule them out, the question whether voluntary and free from

the influence of hope or fear, is for the jury; and the charge of the court being unexceptionable, and the verdict being supported by evidence, this court will not control the discretion of the presiding judge in upholding the verdict on the weight of the evidence.

Criminal law. Evidence. New trial. Indictment. Before Judge BUCHANAN. Meriwether Superior Court. February Term, 1878.

Millen was indicted jointly with one Hannah for arson of a house in a town. The first count charged arson in the ordinary form; the second, in the charging clause, accused both of arson, but in specifying the act, alleged that Hannah set fire to the house, and that Millen was present aiding and abetting him. On the trial thereunder, he was found guilty as principal in the second degree, and recommended to mercy. He moved for a new trial on the following, among other grounds:

1. Because the verdict was contrary to law and evidence.

2. Because the verdict found defendant guilty in the second degree, when he was not so charged in the indictment.

3. Because the court charged as follows: "The acts and sayings of Thos. B. Hannah, when testified to by witnesses, are not evidence against the defendant on the charge in the first count in the indictment, but the acts and sayings of Thos. B. Hannah, if contained in the confessions of the defendant, and if the confessions were freely and voluntarily made, may be considered by you on either count in the indictment."

4. Because the verdict rested on confessions not voluntarily made, and uncorroborated. [The record does not disclose that any objection was made to the admission of confessions shown to have been made by defendant, but the attack seems to have been upon their effect—R.]

The motion was overruled, and defendant excepted.

GEORGE L. PEAVY, for plaintiff in error, cited as follows: (presumption in arson) 29 Ga., 105; (on confessions) Code,

§3793; 43 *Ga.*, 256; 46 *Ib.*, 298.; 54 *Ib.*, 39; 55 *Ib.*, 136.

S. W. HARRIS, solicitor general, for the state, cited as follows : (indictment proper) 3 *Ga.*, 419; 31 *Ib.*, 208; (confessions for jury) 21 *Ga.*, 227.

JACKSON, Judge.

The defendant was indicted jointly with one Hannah for the crime of arson, in two counts—in the first as principal in the first degree, in the second as principal in the second degree. And the first point in the motion for new trial is in respect to the sufficiency of the second count.

1. It is, in substance, to the effect that both defendants are charged with arson, and then it sets out that Hannah actually set the house on fire, and defendant was present aiding and abetting. This is the way it ought to have been done ; and the court was right to uphold the count.

2. The court charged that the acts and sayings of Hannah were admissible against defendant on the second count, or either count, where they were contained in his confessions and evidenced by these confessions. This was right, and we see no possible objection to it.

3. The other objections go to the confessions, whether voluntary or not, and to the verdict as being against law and evidence. No motion was made to rule out the evidence, or not to admit it. The confessions all got to the jury without objection, and the court charged the law fully upon them. Indeed, the entire charge is unobjectionable, and the verdict is supported by the evidence, and not against law. Nor do we see any objection on the score of want of corroboration. There is evidence enough of corroboration, and the law thereon was cautiously and carefully given by the court.

Judgment affirmed.