### 196.  ALEXANDER, *alias* TOWNS, *v.* THE STATE.

1. A party can not impeach a witness he introduces, unless it be shown that he is entrapped by such witness; but the jury are not, for that mere reason (applicable to the party only), required to believe such witness in preference to others. Consequently, though the State introduce a witness whose testimony, if believed, may show the innocence of the accused and contradict the evidence of another witness, previously introduced, which established his guilt, the defendant is not thereby necessarily entitled to an acquittal. The credibility of both witnesses, and the comparative credibility of each is still matter to be determined by the jury.

2. This court will not grant a new trial in a criminal cause unless some principle of law has been clearly violated, or there is manifestly no evidence to sustain the verdict; the more especially where the presiding judge, in the exercise of his discretion, has refused the application in the court below, when all the circumstances attending the trial must have been fresh in his recollection.

Indictment for shooting at another, from Cobb superior court —Judge Gober.  December 31, 1906.

Submitted February 18,—Decided February 21, 1907.

*Griffin & Attaway,* for plaintiff in error.

*B. F. Simpson, solicitor-general,* contra.

RUSSELL, J. The plaintiff in error was, by the grand jury of Cobb county, presented for the offense of shooting at another, and was convicted; a new trial was refused, and he excepts to the order overruling his motion and denying a new trial. He makes no complaint as to the charge of the court. There is no assignment of error in the admission or rejection of evidence. The motion for new trial is based entirely on the general grounds. Under the evidence there was no question or denial as to the defendant's shooting,—the issue was as to justification. Defendant admitted, in his statement, that he shot at Brewster; and this was the uncontradicted testimony. There was conflict as to *why* he shot the witness, and it was the exclusive province of the jury to settle this issue, and to determine whether defendant shot in his own defense or under circumstances of similar justification. Penal Code, § 113. The witness Brewster, who testified that he was shot by the defendant, swore to a state of facts which not only demanded a verdict of guilty of shooting at another, but which would have sustained a conviction of assault with intent to murder, had the presentment been for that offense, especially as, according to this witness, the defendant provoked and commenced the difficulty. On the other hand there was testimony—and that from the other witness introduced by the State—which would have justified a verdict of acquittal on the plea of self-defense. This witness, Allen, corroborated the statement of defendant; and Brewster and Allen were the only witnesses introduced whose testimony is material. Here then is a conflict of evidence, and nothing else. It has been settled by the jury, whose exclusive province it is to determine such issues.

Able counsel for the plaintiff in error insisted that the testimony of a witness having no interest and no inducement to swear falsely should be taken, in all cases, rather than the testimony of a party interested. This is too broad a statement of a well-known rule ordained for the guidance of the jury, who may always consider the interest of the witnesses, and, in cases where there is irreconcilable conflict, *may* prefer that witness who appears to have no interest and no inducement to swear falsely. But that principle has no application in a case in this court. The directions in the Civil Code, § 5146, are for the jury only, and not mandatory as to them, but merely addressed to their discretion. For after all,

"the credibility of a witness is a matter to be determined by the jury." Penal Code, §1028. It is further insisted that the verdict is not authorized, because "the State introduced a witness, whose testimony is binding on the State, who demonstrated that defendant acted under circumstances of justification." The State vouched for this witness by introducing him, and could not, in this case, impeach him. The jury would have had the right to acquit on the testimony of this witness introduced by the State, because the State, so far as appears, was not entrapped by him. They had, however, the equal right, in so far as his evidence conflicted with the other witness previously introduced, to disbelieve him entirely. The power of the jury to settle every issue of fact is paramount and exclusive, and interference with that prerogative of the jury is a violation of the constitution, which imperils the liberty of every citizen. Under the unanimous holding of this court a judgment overruling a motion for new trial, based upon the ground that the verdict is contrary to the evidence, can not be considered by us, unless the verdict is totally without evidence to sustain it, and, therefore, contrary to law. Even on the motion, every presumption is in favor of the verdict; and when the finding of the jury has been approved by the trial judge, it is fruitless to ask this court, unless there has been an abuse of discretion by the trial judge, to overrule and override his exercise of a discretion which is vested in him, but which we do not possess. In the familiar language of Judge Warner, in one of our earliest cases, "It was the peculiar province of the jury to judge of the evidence; and they have found the prisoner guilty; and we are not prepared to say there was *no evidence* in support of their verdict. Besides, the presiding judge before whom the case was tried, and who is presumed to have been familiar with all the facts and circumstances which transpired at the time of the trial, has, in the exercise of his discretion, refused the motion for new trial in the court below; and it must be a very clear case of *error in law,* or a very naked, bald case as to the facts, which will authorize this court to control that discretion." *Jones* v. *State,* 1 *Ga.* 618. There was no error in overruling the motion for new trial; and in view of the extreme clemency of the sentence imposed by the learned trial judge, as it appears in the record, we see no reason whatever for complaint.                *Judgment affirmed.*