3125. HAWKINS *v.* THE STATE.

POWELL, J. 1. While it is not a crime in this State to point a pistol at another unintentionally, still the intention may be inferred from the circumstances surrounding the pointing.

2. While the court should not admit confessions or incriminatory admissions in a criminal case, without a preliminary hearing as to their being freely and voluntarily made, where there is anything in the testimony tending to show that they were not so made, or where the accused demands the preliminary investigation, still such evidence is not objectionable on the ground that it has not first been affirmatively disclosed that the admissions or confessions were freely and voluntarily made, where there is nothing to show that they were induced by any hope of reward or fear of punishment.

3. Admissions of guilt should be scanned with care, and prima facie there is no error in the court so stating to the jury. However, the expression, "admissions of guilt," should not be used in such a context as to convey to the minds of the jury that the court has reference to confessions of guilt, and not merely to incriminatory statements. In the present case the full charge does not appear in the record, nor does the context surrounding the excerpt (which, as stated above, was correct as an abstract proposition of law). This court, therefore, is not in a position to say that reversible error has been affirmatively shown.

*Judgment affirmed.*

DECIDED JANUARY 31, 1911.

Accusation of pointing pistol; from city court of Americus— Judge Crisp. December 5, 1910.

*L. J. Blalock,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.