ALFORD *v.* THE STATE.

BECK, J.  1. The defendant on trial charged with the offense of murder filed a special plea alleging that "he was insane at the time the homicide was committed," and prayed that he be discharged from the custody of the superior court where he was being tried, and that "he be tried before the ordinary of the county and lunacy commission according to the laws of the land." The plea contained no allegation

of insanity at the time of the trial. Sections of the Civil Code (1910) 3092, 3101, and 5215 [?] and section 1047 of the Penal Code of 1895 (as to the last of which sections see Acts 1903, p. 77) were attacked as unconstitutional and void, on the ground that they do not afford due process of law. *Held*, that none of these sections relates to or affects the trial of the issue made by one who sets up the defense of non-liability, under the law, to answer the charge of murder because of his insanity at the time the homicide was committed. Under the law of Georgia this defense must be made under the general plea of not guilty, and, if satisfactorily made out, would finally acquit the defendant of the charge preferred against him. *Danforth* v. *State*, 75 *Ga.* 614 (58 Am. St. R. 480). Consequently, the question of the constitutionality or unconstitutionality of the sections referred to was immaterial, and the judge did not err in striking the special plea.

2. Under the facts appearing in the record, the court did not err in overruling the motion for a continuance.

3. The competency of a juror is tested primarily by propounding the voir dire questions prescribed in the Civil Code (1910), § 1001; and counsel for the accused can not, as a matter of right, in order to further test the competency of a juror, extend the examination without first putting the juror on the court as a trior, though the court may, in his discretion, allow other questions, or may, if it appears that the juror does not understand the voir dire questions, of his own motion or at the request of counsel, explain any of the voir dire questions.

4. The ground of the motion for a new trial complaining of the admission of evidence touching a confession of the defendant does not show that the evidence was objected to when offered. Confessions are legal evidence. Unless the circumstances under which they were made show they were not voluntary, they are admissible. If they are given in and not objected to, it is too late after the verdict to say that there was not sufficient inquiry into the circumstances. *Eberhart* v. *State*, 47 *Ga.* 598.

5. Failure to charge upon the subject of impeachment of witnesses is not ground for a new trial, where no written request was made for pertinent instructions to the jury upon this subject.

6. The portions of the charge excepted to were not error for any of the reasons assigned. The evidence supported the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
DECEMBER 14, 1911. REHEARING DENIED JANUARY 16, 1912.

Indictment for murder. Before Judge Felton. Bibb superior court. May 9, 1911.

*John R. Cooper* and *J. J. Harris,* for plaintiff in error.

*Walter J. Grace, solicitor-general, and acting attorney-general pro hac vice,* contra.