### 4651. COOPER *v.* THE STATE.

POTTLE, J. 1. On the trial of one charged with selling intoxicating liquor, it was not erroneous to admit testimony that, in a previous trial before the mayor for keeping liquor for unlawful sale, the accused stated that he was guilty of a violation of the ordinance. Testimony that, at about the time and place where the sale was alleged to have taken place, the accused had in his possession whisky, which he was keeping for the purpose of unlawful sale, is admissible in corroboration of evidence that the sale had taken place. *Holmes* v. *State*, ante, 359 (77 S. E. 187).

2. While the remarks of the solicitor-general, complained of in the motion for a new trial, were not entirely proper, neither the failure of the court to direct a mistrial nor the failure to rebuke counsel and give cautionary instructions to the jury requires a reversal of the judgment overruling the motion for new trial, the guilt of the accused having been clearly established by the evidence.

3. While the instructions of the trial judge on the subject of good character were erroneous, in that he failed to charge that proof of good character alone may be sufficient to generate a doubt in reference to the guilt of the accused, yet the error thus committed is not cause for a new trial, for there was no such evidence of good character as to authorize an instruction on the subject at all.

4. The evidence was such as to authorize the charge on the subject of confessions, and the following instruction on that subject was a correct statement of the law: "All admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." Penal Code, § 1031. The failure of the judge to expressly charge the jury to determine from the evidence whether or not a confession had been made is not cause for a new trial, in the absence of a request for an explicit instruction on that subject.

5. The evidence authorized the verdict. *Judgment affirmed.*

DECIDED APRIL 2, 1913.

Indictment for sale of liquor; from Houston superior court— Judge Mathews. January 3, 1913.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.