6475. McDuffie v. The State.

Wade, J. 1. The corpus delicti was abundantly proved aliunde the confession of the accused. Property alleged to have been stolen was found soon thereafter in the possession of the defendant, and a witness for the State testified positively that these particular articles had been missing from the stock of merchandise of the owner and their absence noted for different periods of time, from one day to six weeks, and that the goods in question had never been sold.

2. The ground of the motion for a new trial complaining of the admission of evidence touching confessions of the defendant does not show that the evidence was objected to when offered. Confessions are legal evidence. Unless the circumstances under which they were made show they were not voluntary, they are admissible. If they are given in and not objected to, it is too late after the verdict to say that there was not sufficient inquiry into the circumstances. *Eberhart* v. *State,* 47

*Ga.* 598; *Alford* v. *State,* 137 *Ga.* 458 (4), 459 (73 S. E. 375). See also *Hawkins* v. *State,* 8 *Ga. App.* 705 (70 S. E. 53).

3. In the motion for a new trial it is contended that the verdict should be set aside because the State failed to introduce competent evidence to corroborate the alleged confessions introduced in evidence. The possession of the stolen goods by the defendant was a circumstance sufficient to corroborate her various confessions and to authorize a verdict of guilty. *Cook* v. *State,* 9 *Ga. App.* 208 (70 S. E. 1019); *Harvey* v. *State,* 8 *Ga. App.* 660 (70 S. E. 141); *Owen* v. *State,* 119 *Ga.* 304 (2) (46 S. E. 433); *Davis* v. *State,* 105 *Ga.* 808, 809 (32 S. E. 158); *Westbrook* v. *State,* 91 *Ga.* 11 (16 S. E. 100).

4. The presumption, in the absence of proof to the contrary, being that the magistrate reduced to writing the statement made by the accused at his commitment trial, parol evidence as to what the accused stated on the commitment trial is not admissible on a subsequent trial. *Oliver* v. *State,* 94 *Ga.* 83 (21 S. E. 125); *Leggett* v. *State,* 97 *Ga.* 426 (24 S. E. 165). In this case there was no proof that the statement was reduced to writing, and the only witness who testified in regard thereto asserted that it was not reduced to writing, so far as his knowledge extended. If, measured by the strict technical rule, there was error in the admission of this testimony, the error was not sufficiently harmful to require a new trial, in view of the proof showing other distinct admissions of guilt, and the fact that the accused in her statement to the jury did not deny having made any of the various confessions, including her statement at her commitment trial.

5. The court did not err in admitting testimony as to the commission of other larcenies by the accused. The court expressly instructed the jury that they were not to consider this proof in determining the guilt of the accused in the case on trial, as it was admitted "simply as illustrating the motive or intent of the defendant." "As a general rule, in the prosecution of a particular crime, evidence tending to show that the defendant has committed other offenses is not admissible; but where the testimony offered has a distinct relevancy to the case on trial, it is not inadmissible merely because it also tends to show the defendant's connection with some other criminal transaction." *Ray* v. *State,* 4 *Ga. App.* 67 (3), 70 (60 S. E. 816). See also *Watts* v. *State,* 8 *Ga. App.* 694 (70 S. E. 46). "Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature done by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things." *Lee* v. *State,* 8 *Ga. App.* 413, 417 (69 S. E. 312). If the other offenses are so distinct that proof of such other crimes has slight probative value in establishing the guilt of the accused in the particular instance, the testimony should be excluded; but if the other offenses are closely interwoven with the facts of the case on trial, or strongly illustrate motive or intent in that case, it is permissible to admit the testimony, where

the jury is properly restricted in the consideration to be given hereto.

6. "In the absence of a special request so to do, the court is not bound to charge Penal Code, § 1005 [Section 1031 of the Penal Code of 1910], as to the weight to be given confessions. *Malone* v. *State*, 77 *Ga.* 768 (5); *Sellers* v. *State*, 99 *Ga.* 212 [25 S. E. 178]." *Walker* v. *State*, 118 *Ga.* 34 (3) (44 S. E. 850).

7. The evidence amply warranted the verdict, and there is no substantial merit in any of the various assignments of error.

*Judgment affirmed. Broyles J., disqualified.*
Decided November 5, 1915.

Indictment for larceny; from Fulton superior court—Judge B. H. Hill. February 6, 1915.

*Albert Kemper,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general,* contra.

