9254. DUREN v. THE STATE.

HARWELL, J. 1. The court did not err in allowing a witness to testify as follows: "I heard the defendant's statement in the recorder's court. The recorder asked him if he wanted to make a statement, and he replied that he did, and made the following statement: 'The whisky in the grips was my whisky. It belonged to me.'" The objection to this testimony was that the statement was not freely and voluntarily made; but the evidence does not sustain this contention.

2. There is no merit in the exceptions to portions of the charge to the jury, taken in grounds 2 and 3 of the amendment to the motion for a new trial.

3. The court did not err in charging the jury as follows: "If the confession or statements as proved, if proved, appeared prima facie to have been made without the slightest hope of benefit or remotest fear of injury, as induced by another, and the defendant contends that they were improperly induced, the onus under those circumstances would be upon him to show they were improperly induced." Eberhart v. State, 47 Ga. 598 (7); McDuffie v. State, 17 Ga. App. 342 (2) (86 S. E. 821).

4. Under the facts in this case the court did not err in charging as follows: "If the recorder merely gave the defendant an opportunity to make a statement and he voluntarily made it, if you believe that those were the circumstances under which he made it, and that he did make it voluntarily without being induced by another by the slightest hope of benefit or the remotest fear of injury, you will be authorized to find that they were voluntary."

5. The excerpts from the court's charge contained in special grounds 6 and 7 of the motion for a new trial are not subject to the exception that they were not authorized by the evidence.

6. The court did not err in instructing the jury that if there was another person with the defendant, and that such person carried a grip containing whisky belonging to the defendant and was carrying it for the

defendant and in his presence, such possession would in law be the possession of the defendant, and the jury would be authorized to convict.

7. The court did not err in charging: "The fact, if it is a fact, that the defendant was searched without a warrant, would not exonerate the defendant, if it appears from the evidence beyond a reasonable doubt that the defendant is guilty," the defendant's counsel having argued that the defendant was entitled to acquittal because the officer arrested and searched him without a warrant. *Smith* v. *State*, 17 *Ga. App.* 693 (88 S. E. 42); *Jones* v. *State*, ante, 22 (93 S. E. 514); *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893).

8. The evidence amply supported the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 19, 1917. REHEARING DENIED FEBRUARY 8, 1918.

Accusation of misdemeanor; from city court of Macon—Judge Guerry. October 8, 1917.

*John R. Cooper,* for plaintiff in error.

*Will Gunn, solicitor,* contra.