Stephens, J.
1. Evidence that the defendant and others were seen at a secluded spot in the woods, sitting around in a circle, where cards were being dealt by one of them to the others, although he was not seen with any cards in his hands and was not seen to handle any money, and that upon the approach of the officers he and the others ran, leaving money and cards upon the ground, was sufficient to authorize his conviction of plying and betting for money at a game played with cards; and the trial judge did not err in charging the jury as set out in the 1st ground of the amendment to the motion for a new trial. Frost v. State, 120 Ga. 311 (47 S. E. 901).
2. Evidence that the defendant, after he had been indicted for gaming, stated that he played in the game on the date alleged in the indictment, that “they had a good pot and left some on the ground,” and that he was gambling on this occasion, and was going to plead guilty, was ample evidence of a confession. Abrams v. State, 121 Ga. 170 (5) (48 S. E. 965).
3. Where evidence of a confession is offered by the State in a criminal case, and there is no objection by the defendant upon the ground that the alleged confession was not voluntarily made, it is admissible as a voluntary confession. Eberhart v. State, 47 Ga. 598; Alford v. State, 137 Ga. 458 (4) (73 S. E. 375).
(a) While charging upon the weight to be given confessions, a failure on *66 the part of the judge to charge the jury that they would not be authorized to consider such an alleged confession unless freely and voluntarily made was not error, in thd" absence of a timely written request so to charge. See, in this connection, Pierce v. State, 132 Ga. 27 (63 S. E. 392).
Decided July 10, 1919.
Accusation of gaming; from city court of Newnan—-Judge Post. December 10, 1918.
The instructions referred to in paragraph 1 of the decision were as follows: “I charge you that if you believe from the testimony that the accused, with six or eight or whatever number the evidence may disclose in this case, were seen at a secluded place, sitting around in a circle, and that you further find that they were engaged in playing cards, and that one of the party was heard to remark about $5, that is insisted was done in the game, and that all fled upon the approach of the arresting officers, and that a pile of cards and money were found on the ground and in the circle where they were sitting,— if you find these things to be true from the evidence, I charge you that it would authorize— if you find the defendant was in that crowd—I charge you that it would authorize his conviction, notwithstanding the absence of direct evidence that he was seen to pick up or put down a card, or to put down any money or pick up any money.” It was alleged that the court erred in so charging because: (a) It was not a true statement of the law; (5) it contained an expression of opinion as to the guilt of the defendant and that a game was being played in which the defendant participated; (c) it instructed the jury that they were authorized to convict the defendant who was in the crowd, notwithstanding there was no evidence showing that he participated in the game; (d) it authorized the conviction of the defendant without proof of the corpus delicti. The expression “that one of the party was heard to remark about $5, that is insisted was done in the game,” was complained of in an assignment of error referred to in paragraph 4 of the decision.
*66 4. To determine whether an expression in an excerpt from the charge of the court is an expression or intimation of- opinion on the part of the trial judge as to what has or has not been proved, it is proper, in a doubtful ease, to construe the expression in connection with the entire charge, and where the trial judge elsewhere in his charge, in ample and unmistakable language, tells the jury that the particular matter about which it is claimed he has expressed an opinion as to its having been proved is an issue in the. case, such expression will not be construed as an expression or intimation of opinion on the facts. Hanvey v. State, 68 Ga. 615; Moon v. State, 68 Ga. 697.
(a) Upon the trial of one charged with the offense of playing and betting for money at a game played with cards, where the trial judge in his charge to the jury used the following language: “and if you further find that they were engaged in playing cards, and that one of the party was heard to remark about $5, that is insisted was done in the game,” the expression “that is insisted was done in the game” is not subject to the exception that it amounted to an expression of opinion on the part of the trial judge that there had been a game, when the judge, elsewhere in his charge to the jury, expressly told them that whether or not there had been a game was an issue of fact for them to determine.
5. The evidence authorized the verdict and judgment.

Judgment affirmed.

Broyles, P. J„ and Bloodworth, J., concur.

A. H. Freeman, for plaintiff in error.
W. L. Stallings, solicitor, contra.