*H. C. Morgan, solicitor-general,* contra.

---

### 16672. MULL *et al.* v. STATE OF GEORGIA.

The question as to the credibility of witnesses is settled by the finding of the jury, which the trial judge has approved; and this court can not hold that the verdict was not authorized by the evidence.

DECIDED NOVEMBER 10, 1925.

Confiscation; from city court of Floyd county—Judge Bale. June 26, 1925.

This was a proceeding against T. H. Mull, to condemn an automobile used to transport intoxicating liquor. The defendant filed an answer in which he admitted that at the time of the seizure of the automobile by the officer he was in possession of the car, but alleged that it was the property of his wife, Mrs. T. H. Mull, and denied that when the car was seized it was "being used to transport and convey alcoholic and intoxicating liquors contrary to law." Mrs. Mull intervened and alleged that the automobile belonged to her, and if it was being used in transporting liquor in violation of the law, the person "so using said property was not the agent or employee of this intervenor, and that such persons were not acting for or as agent of intervenor, and that if said automobile was being so used in the transporting or storage of intoxicating liquors in violation of the law, such was expressly against the wishes and desires of intervenor and done without the knowledge or consent or assent of intervenor." On the trial of the case the evidence for the State showed that T. H. Mull bought the car which it was sought to condemn, that he was driving it, and had just alighted therefrom when the officer seized him as he was in the act of taking a gallon of liquor out of the car, and that in the car at the time there were twenty-seven gallons of corn whisky. It was also shown that Mr. Mull frequently drove the car, that his wife rarely ever did, and that Mrs. Mull had reported her husband as a bootlegger and asked that he be caught. Mrs. Mull swore that the car belonged to her, that she traded another car to her husband for this one, and that she "had no knowledge and gave no direction or consent for the use of the car in connection with whisky," that she had nothing to do with it, and it was against her will.

The jury found against the intervention of Mrs. Mull. She made a motion for a new trial, which was overruled, and she excepted.

*Porter & Mebane,* for plaintiffs in error.

*Alec Harris, solicitor,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The motion for a new trial contains the general grounds only. The evidence raised an issue of fact. It is the exclusive province of the jury, under all the attendant circumstances and conditions, to determine whether a witness has or has not spoken the truth. The

jury are of the vicinage, they observe the witnesses while testifying, and they have the best opportunity for applying the legal test as to the credibility of the witnesses. In all cases the bona fides of a transaction is to be determined by the jury. "The power of the jury to settle every issue of fact is paramount and exclusive, and interference with that prerogative of the jury is a violation of the constitution, which imperils the liberty of every citizen." *Alexander* v. *State,* 1 *Ga. App.* 291 (57 S. E. 996). Applications for new trial on the ground that the verdict is contrary to the evidence are addressed to a sound legal discretion, to be exercised by the trial judge. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere, if there is any evidence which would justify the jury in reaching the conclusion set forth in the verdict. Since it is the sole province of the jury to pass upon the facts of the case and the credibility of the witnesses, we can not say that they were not authorized to arrive at the conclusion set forth in their verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*