### 22309. THEIS *v.* THE STATE.

DECIDED JUNE 15, 1932.

*R. S. Roddenbery Jr.,* for plaintiff in error.

LUKE, J. R. H. Theis was convicted of cheating and swindling. The trial judge overruled his motion for a new trial, and he excepted.

It appears from special ground 1 that, while making his statement to the jury, the defendant undertook to quote, from a contract which he had in his hand, "certain descriptions, figures and amounts stated therein;" that the solicitor interposed the following objection: "Objected to as reading the contract—can be part of the statement, but not read by the defendant;" and that the court made the following ruling: "The court rules that the defendant has the right to make . . such statement in the case as he deems proper; that, however, does not include the right to read any documents to the jury. He may read any document that he sees fit to use by way of refreshing his memory, and make such statement as he sees fit." It is averred in the ground that, while the charge "may be generally sound," the defendant was reciting facts which "he could not reasonably memorize," and the court's ruling confused the defendant as to his rights, and "amounted to an unlawful restriction upon the defendant in making his statement, especially since the defendant was not able to introduce the document in evidence without thereby forfeiting his right to the concluding argument to the jury."

"The prisoner must have some regard to relevancy and the rules of evidence, for it was never intended that . . he should attempt . . to bolster up his unsworn statement by making profert of documents, letters, or the like, which if relevant might be introduced in evidence on proof of their genuineness. Without such proof he can not place them before the jury as corroborating evidence of what he says; it would be extending his privilege far enough to accord him the right of making a statement to the effect that he had received a document or letter of a certain purport, without permitting him to produce the same and read it for the purpose of convincing the jury of its existence or genuineness." *Nero* v. *State,* 126 *Ga.* 554, 555 (55 S. E. 404). In *Freeny* v. *State,* 129 *Ga.* 759, 764 (59 S. E. 788), the court construed the holding in *Nero* v. *State,* supra, to be that "the statement can not properly be made the vehicle for the introduction of documentary evidence, which should be formally offered; and that the presiding judge could decline to allow such documents to be read to the jury by the accused." The court's charge allowed the defendant all the latitude in making his statement that the defendant was entitled to, and there is no merit in the ground.

The foregoing ground was passed upon because the question raised in it might arise upon another trial of the case. This is hardly true of the next ground, but, nevertheless, we shall take time to state a rule of law which, in our opinion, controls that ground adversely to the contention of plaintiff in error: "The right of formal arraignment and plea will be conclusively considered as waived, where the defendant goes to trial before the jury, on the merits, and fails, until after verdict, to bring to the attention of the court that he has not been formally called upon to enter a plea to the indictment." *Perry* v. *State,* 19 *Ga. App.* 619 (91 S. E. 939), citing "*Brown* v. *State,* ante, 619, and cases cited."

In the last special ground, complaint is made of the following charge of the court: "The court charges you . . that as to admissions in the nature of confessions of guilt, that they shall be received by the jury with great caution, and that a confession alone, uncorroborated by other evidence, will not justify a conviction. As to what amount of corroboration or what degree of corroboration might be required for a conviction is for the jury trying the case to determine: that is left wholly and solely for you to determine." Movant insists that there was no "testimony or evidence whatever to show . . that the defendant had made any confession of guilt, or had made any admissions in the nature of confessions of guilt, and the effect of the said charge was to instruct the jury that a confession of guilt had been made." We quote from *Hawkins* v. *State,* 8 *Ga. App.* 705 (3) (70 S. E. 53): "Admissions of guilt should be scanned with care, and prima facie there is no error in the court so stating to the jury. However, the expression, 'admissions of guilt,' should not be used in such a context as to convey to the minds of the jury that the court has reference to confessions of guilt, and not merely to incriminatory statements. . ." "A confession is a voluntary admission of *guilt;* an admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged and not amounting to a confession of guilt." *Riley* v. *State,* 1 *Ga. App.* 651 (3) (57 S. E. 1031). "Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt."

*Owens* v. *State,* 120 *Ga.* 296 (48 S. E. 21). The third headnote in the *Owens* case reads: "It is error to charge upon the subject of confessions where there is no evidence upon which to support the charge." See also *Clarke* v. *State,* 165 *Ga.* 326 (140 S. E. 889). Proof of inculpatory admissions will not authorize a charge upon the subject of confessions. *Benford* v. *State,* 38 *Ga. App.* 740 (145 S. E. 474). See also *Fletcher* v. *State,* 43 *Ga. App.* 405 (159 S. E. 126), where the subject under consideration was gone into somewhat fully, and cases thereon cited. We are of the opinion that the charge under consideration is tantamount to a charge upon confessions, and we find no evidence to warrant a charge upon that subject. Therefore the judgment is reversed upon this ground.

Whether or not the request of counsel that this court certify this case to the Supreme Court to determine the constitutionality of that portion of the act of 1911, p. 149, prescribing the manner in which questions of venue must be raised, should be acceded to need not be decided, since the case was decided upon another ground. *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (3) (159 S. E. 863).

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*