25351. CAMPBELL *v.* THE STATE.

DECIDED MAY 27, 1936.

*John W. Maddox,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

MacINTYRE, J.  Goine Campbell was convicted of burglary under an indictment charging that on July 2, 1935, in Floyd County, he "did then and there unlawfully, wrongfully and feloniously, fraudulently and privately, break and enter the dwelling-house of Bunk Carter . . for the purpose of committing a felony and larceny therein."  Error is assigned on the judgment overruling his motion for new trial.  Miss Allene Stancill testified in part that on the night of July 2, 1935, she was visiting Mrs. Nell Carter, and that as she stepped off the edge of Mrs. Carter's porch a negro whom she did not recognize grabbed her by the arm, tore her dress "down the front," and put his hand over her mouth when she screamed for help, but that she got loose from him.  Mrs. Nell Carter testified in part as follows: "I am . . the wife of Bunk Carter. . . I heard her [Miss Stancill] holler.  Shortly after that a negro came in the house where I was.  That is the negro over there [indicating the defendant].  *He came through the window, and I have a battery radio, and he jerked the wires loose from it when he came in,* and says: 'Move over, I am going to get in bed with you.'  I commenced to scream for Mr. Gentry, who lived in the house with us, . . and I kept screaming just as loud as I could, and he started to put his hand on me, and I said: 'Oh Lord, come here, Mr. Gentry;' and I heard Mr. Gentry getting up on the floor, and he went out the front door in the hall . . , and then went on the front porch.  Mr. Gentry came to the window, and I thought he had killed Allene. . . *The window isn't hardly this high from the porch* [*indicating*].  *Screened in and it was just open. He just walked through the window. He jerked the wires loose from the radio, the ground and aerial wires.* . . He didn't attempt to get anything at all.  He reached toward the bed; I don't know what his intentions were.  He told me to move over."  The substance of the defendant's statement to the jury was a flat denial of his guilt.

The venue of the offense was proved, and we are satisfied that the evidence warranted the jury in concluding that the negro entered the house to commit a felony.  The stress of the matter rests on the contention that the State failed to prove that ever-

essential ingredient of the offense of burglary under Code of 1933, § 26-2401—the breaking. The evidence bearing upon that question has been italicised. We are satisfied that the jury had the right to conclude that in testifying that "he jerked the wires loose from it *when* he came in," Mrs. Carter meant that he jerked the wires loose *as* he came in, or *in coming in*. Bearing in mind that the jury are the judges of the evidence, we are constrained to hold that the court did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 avers that the court erred in charging the jury as follows: "If, upon consideration of the evidence in this case, you find there is a conflict in the testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, if any, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness, and without imputing a false statement to the defendant. If you can not do that, it then becomes your duty to believe that witness or those witnesses you think most entitled to belief." In *Smith* v. *State,* 179 *Ga.* 791, 795 (177 S. E. 711), the Supreme Court said: "The charge was assigned as error on the ground that it restricted the right of the jury to believe the defendant's statement in preference to the sworn testimony. Since it appears that in another part of his charge the judge clearly and properly instructed the jury as to their right to believe the defendant's statement in preference to the testimony, the charge complained of, though not approved as being entirely apt and proper, does not constitute reversible error. *Sims* v. *State,* 177 *Ga.* 266 (5) (170 S. E. 58), and cit." The charge under consideration in the *Smith* case is substantially the same as the one in the instant case, and in this case, as in that, the court properly instructed the jury elsewhere as to their right to believe the defendant's statement in preference to the sworn testimony. Under the ruling in the *Smith* case, the charge in the instant case does not constitute reversible error for any reason assigned.

■ It is insisted in special ground two that the court erred in charging the jury as follows: "You are made by law the exclusive judges as to the credibility of each and every witness. In passing upon their credibility, you may consider all the facts and circumstances of the case, the witness's manner of testifying, their

relationship to the parties, if any, their intelligence or lack of intelligence, their interest or want of interest in the result of the case, their bias or prejudice, if any exists, their means and opportunity for knowing the facts to which they testify, the probability or improbability of their testimony, and of the occurrences to which they testify, and also their personal credibility, so far as the same may legitimately appear from the trial of the case." Error is assigned (a) because "it was not sound as an abstract principle of law governing the determination of the credibility of witnesses, but is the law for determining where the preponderance of evidence lies," and (b) because "the jury was thereby in substance and effect instructed to judge the credibility of the witnesses by the law for determining where the preponderance of the evidence lies, which in effect and substance authorized them to convict the defendant upon a preponderance of evidence against him determined by them." The rule for determining where the preponderance of evidence lies is given in the Code of 1933, § 38-107. In *Thompson* v. *State,* 160 *Ga.* 520, 521, 522 (128 S. E. 756), where a charge very similar to the one in the instant case was under consideration, the court said: "This charge is criticised upon the ground, among others, that it is 'largely the preponderance-of-evidence rule. . .' While the language employed by the court is taken largely from the Code section referred to, which is generally given as a part of the charge to the jury when the court is instructing them as to what they may consider in determining where the preponderance of evidence lies, the part of the section charged is not inapplicable to a criminal case when charged in connection with that portion of the court's instructions to the jury in which the court is dealing with the province of the jury to determine the credibility of the witnesses who have testified in the case. And in this case, after instructing the jury that they were the 'judges of the credibility of the witnesses,' the trial judge, in immediate connection therewith, charged the jury in the language of the excerpt excepted to. This charge merely gives to the jury matters that they might take into consideration in passing upon the credibility of the witnesses, and the rules stated are substantially correct, and there is no intimation that they should determine any of the issues in the case adversely to the defendants by a preponderance of the evidence. They were duly

instructed that, in passing upon the question as to whether the defendants were guilty or not of the crime for which they were indicted, the jury should be satisfied of their guilt beyond a reasonable doubt. The charge here excepted to was not error upon the ground mentioned, nor for any other reason assigned in the exceptions." The ruling in the *Thompson* case is controlling in the case at bar. See also *Eller* v. *State*, 48 *Ga. App.* 163, 164 (172 S. E. 592), and cit. The ground is not meritorious.

■ The third and last ground of the amendment to the motion for new trial complains that the court erred in instructing the jury on the theory that there had been a "breaking . . into the dwelling house;" the contention being that there was no evidence to show any breaking. We have already discussed that contention in passing on the general grounds of the motion for new trial, and reached the conclusion that the jury was warranted in concluding from the evidence that there had been a breaking. We hold that there is no merit in this ground.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*