29453.    SCONYERS *v.* THE STATE.

DECIDED MAY 7, 1942.   ADHERED TO ON REHEARING, JULY 31, 1942.

*Thomas A. Jacobs Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general, Norman E. English,* contra.

MacINTYRE, J.   The defendant was convicted of larceny from the person.   To the overruling of his motion for new trial he excepted.

The exceptions in special grounds 1, 3, 4, and 5 are to admissions of testimony which the accused contends were confessions of guilt.   Conceding but not deciding that the statements of the defendant referred to in these grounds were not merely incriminatory statements but were confessions as contended by the defendant, nevertheless, none of these special grounds discloses that the defendant made any timely and appropriate objection to the testimony at the time it was tendered.   "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or the remotest fear of injury."   Code, § 38-411.   And now after verdict the defendant seeks to say that there was no sufficient inquiry as to whether they were voluntary or not.   It appears from the record that the confessions were offered and no objection was made by the defendant's counsel to their admission.   In *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d, 820), and *McLemore* v. *State,* 181 *Ga.* 462 (182 S. E. 618), cited by the defendant, objection was made to the introduction of the confession, and the overruling of the objection was the basis for review.   In each of those cases there was a proper assignment of error on the admission of the confession or incriminatory statement, or the evidence, by whatever name it may be called, for the reason that the confession was admitted over objection.   See *Ellis* v. *State,* 51 *Ga. App.* 557 (181 S. E. 87).   Thus, in *Bryant* v. *State,* supra, it was said: "Before a confes-

sion or incriminating statement is admissible in evidence [and in that case objection to its admission was made at the time it was offered], a prima facie showing as to the voluntary character must be made; and if this preliminary proof fails to make such a showing, the confession or statement must be excluded (*McLemore* v. *State,* 181 *Ga.* 462, 182 S. E. 618, 102 A. L. R. 634, 643, notes; 38 A. L. R. 120); that after such proper preliminary proof the confession or statement becomes admissible, but the defendant may by evidence attack its voluntary character, and in that event the question as to its voluntariness is for the jury."

But if the confession is admitted without timely objection and the evidence shows without dispute that it was not voluntary, then, whether the confession is objected to or not, it is not legal evidence and has no probative value. And the evidence, exclusive of the confession, must be sufficient to authorize a verdict of guilty after it appears that the confession was not voluntary, for the failure to object to it would not give it probative value; and where, without the confession, the verdict is unsupported by the evidence, the case, if not reversed on some other special ground, must be reversed solely on the general grounds. *McKennon* v. *State,* 63 *Ga. App.* 466 (11 S. E. 2d, 416); *Washington* v. *State,* 24 *Ga. App.* 65 (100 S. E. 31). For there would be no objection on which to base a special ground for a new trial. *Ellis* v. *State,* supra.

But if the evidence is silent as to whether the confession is voluntary or not, and the defendant's counsel allows it to be admitted without objection, it is too late, after verdict, to say that there was no sufficient inquiry into the circumstances. "And this is true, even though it was the duty of the State, in order to justify their admission over an objection by the prisoner, to go further and show that all the circumstances under which they were made had, in fact, been proven." *Eberhart* v. *State,* 47 *Ga.* 598, 608. "Without doubt confessions must be voluntary—that is, if they are made under the hope of reward or fear of hurt they are not competent. Revised Code, 3740 [38-411]. . . But confessions are not illegal evidence, standing alone." *Id.* 608. And if it does not appear that the confessions were not voluntary, and they are introduced without objection, the confessions or incriminating statements are admissible and have probative value. *Id.* (7); *Hawkins* v. *State,* 8 *Ga. App.* 705 (2) (70 S. E. 53); *Washington*

v. *State,* supra; *Millen* v. *State,* 60 *Ga.* 620, 623; *Bohanan* v. *State,* 92 *Ga.* 28 (18 S. E. 302); *Earp* v. *State,* 55 *Ga.* 136; *Theis* v. *State,* 45 *Ga. App.* 364 (164 S. E. 456); *Alford* v. *State,* 137 *Ga.* 458 (4) (73 S. E. 375); *Cooper* v. *State,* 12 *Ga. App.* 561 (4) (77 S. E. 878); *McDuffie* v. *State,* 17 *Ga. App.* 342 (2) (86 S. E. 821); *Green* v. *State,* 124 *Ga.* 343 (2), 347 (52 S. E. 431); *Duren* v. *State,* 21 *Ga. App.* 524 (3) (94 S. E. 902); *Bowden* v. *State,* 151 *Ga.* 336 (106 S. E. 575); *Wilson* v. *State,* 19 *Ga. App.* 759, 764 (92 S. E. 309); *Cook* v. *State,* 9 *Ga. App.* 208 (2) (70 S. E. 1019).

■ Grounds 2, 6, 7, 8, 9, and 12, all in effect except to the failure of the judge to charge on the subject of confessions, incriminating statements, inculpatory admissions or statements. In the absence of a request, it was not reversible error to fail to charge on· this subject. These grounds are not meritorious. *Nail* v. *State,* 125 *Ga.* 234 (3) (54 S. E. 145); *Roberson* v. *State,* 135 *Ga.* 654 (70 S. E. 175); *Lindsay* v. *State,* 138 *Ga.* 818 (6) (76 S. E. 369); *Smith* v. *State,* 139· *Ga.* 230 (2) (76 S. E. 1016); *White* v. *State,* 141 *Ga.* 526 (4) (81 S. E. 440); *Millen* v. *State,* 175 *Ga.* 283 (4) (165 S. E. 226); *Cantrell* v. *State,* 141 *Ga.* 98 (2) (80 S. E. 649).

■ The judge charged the jury in part as follows: "The law makes you the sole and exclusive judges of the facts of the case. You pass on the force, weight, and credit to be given to the evidence, and you determine the credibility of the witnesses who have testified in the case. [I charge you that in passing on the credibility of the witness you are authorized to consider his manner on the stand, his means and opportunity of proving the things about which he testifies, his interest or lack of interest, his intelligence or lack of intelligence; all these things may be properly considered by you in so far as they may legitimately appear from the trial of the case."] The defendant contends that the court, having charged certain portions of the Code, § 38-107, by charging the part of the above excerpt which we have enclosed in brackets committed reversible error when he wholly omitted some of the provisions of the Code section, and that it was the duty of the court to instruct the jury fully and completely with reference thereto, and not by certain portions of said section. *Dawson* v. *State,* 59 *Ga.* 333.

The section referred to gives a rule by which the jury may deter-

mine where *the preponderance* of evidence lies *in civil cases.* This rule is composed of several component parts which go to make up the whole. We recognize the fact that when the court undertakes to *charge in a civil case* a legal rule such as is stated in § 38-107 his "instruction should be in itself complete, accurate, and pertinent with reference to the particular legal rule stated." *Garner* v. *Wood,* 188 *Ga.* 463, 465 (4 S. E. 2d, 137). And that he should charge this whole section (rule). *Shankle* v. *Crowder,* 174 *Ga.* 399 (163 S. E. 180); *Tucker* v. *Talmadge,* 186 *Ga.* 798 (198 S. E. 726). But so far as a criminal case is concerned this section is as though it had never been written or codified. It has no application in a criminal case. It does not enlarge or restrict the judge's right to give the jury, in his charge in a criminal case, suggestions and helpful rules, not contradictory of the rules of law applicable to criminal cases, when he thinks these will aid the jury in properly determining the credibility of a witness, especially when he in effect tells them the rules are not mandatory but are merely addressed to their discretion. *Alexander* v. *State,* 1 *Ga. App.* 289, 290 (57 S. E. 996).

In a criminal case, where the language used in the charge was in part that used in Code § 38-107, the Supreme Court said: "And in this case, after instructing the jury that they were the 'judges of the credibility of the witnesses,' the trial judge, in immediate connection therewith, charged the jury in the language of the excerpt excepted to. This charge merely gives to the jury matters that they might take into consideration in passing upon the credibility of the witnesses, and the rules stated are substantially correct, and there is no intimation that they should determine any of the issues in the case adversely to the defendants by a preponderance of the evidence. They were duly instructed that, in passing upon the question as to whether the defendants were guilty or not of the crime for which they were indicted, the jury should be satisfied of their guilt beyond a reasonable doubt. The charge here excepted to was not error upon the ground mentioned." *Thompson* v. *State,* 160 *Ga.* 520, 522 (128 S. E. 756). The use of the language in the charge in the instant case did not limit the jury, in passing on the credibility of the witnesses, to the consideration of those things enumerated, or tend to exclude from the consideration of the jury any of the facts and circumstances of the

case which should have been considered in determining the guilt or innocence of the defendant. *White* v. *State,* 147 *Ga.* 377 (94 S. E. 222). Code § 38-107 has no application in a criminal case, and to attempt to apply it to a criminal case has only a tendency to confuse. In considering a criminal case let us eliminate this section from our consideration. It should be forgotten that there is such a Code section, and we should undertake to apply only criminal rules of law to criminal cases. In the instant case the excerpt was not error for any reason assigned. *Eller* v. *State,* 48 *Ga. App.* 163 (172 S. E. 592); *Moore* v. *State,* 57 *Ga. App.* 287 (3) (195 S. E. 320); *Bell* v. *State,* 47 *Ga. App.* 216 (169 S. E. 722); *Campbell* v. *State,* 53 *Ga. App.* 380, 383 (186 S. E. 137); *Daniel* v. *State,* 61 *Ga. App.* 663, 665 (7 S. E. 2d, 204); *Southern Ry. Co.* v. *Wilcox,* 59 *Ga. App.* 785, 788 (2 S. E. 2d, 225).

■ Ground 10: the language of the charge which the defendant excepts to is that hereinafter next quoted (except the brackets inserted), and we should bear in mind that this language must be construed in connection with the context and, when so construed, it must have been understood by the jury to mean: "However, if you find this defendant guilty as charged; but [if you] do not find beyond a reasonable doubt that at the time he committed the offense [as charged in the indictment] for which he is on trial, if he did commit it, he had been convicted of a felony in this State and had been sentenced to the penitentiary, it would not be mandatory on you to fix his punishment at the maximum term provided by law.. But you could, in your discretion, fix his sentence at any term within the minimum and maximum figures provided by law, and you could, if you see fit, recommend him to the mercy of the court." (Brackets ours.) Under this interpretation the judge must have been understood by the jury as not intimating or expressing an opinion that the accused did commit the crime for which he was on trial, but as charging hypothetically that if the jury believed from the evidence that the defendant was guilty of the crime charged, but was not guilty of the previous convictions, then they would not be forced to fix his punishment at the maximum, but could fix his term within the minimum and maximum figures provided by law. In other words, the charge merely stated a particular hypothesis, and then left it to the jury to determine from the evidence whether the hypothesis was established. *Wilson*

v. *State,* 190 *Ga.* 824, 831 (10 S. E. 2d, 861); *Slinson* v. *State.* 65 *Ga. App.* 592, 594 (16 S. E. 2d, 111); *Gailher* v. *State,* 63 *Ga. App.* 414 (11 S. E. 2d, 254); *Daniels* v. *State,* 58 *Ga. App.* 599 (13) (199 S. E. 572). There was no error against the defendant.

■ Ground 11: The court charged the jury: ["I charge you in felony charges, and this is a felony charge, a conviction is not authorized on the uncorroborated testimony of an accomplice, and unless the testimony of an accomplice is corroborated by other competent evidence which you believe, or by the facts and circumstances developed by the trial, you would not be authorized to convict on such testimony.] If you should find from the evidence that a witness in this case was an accomplice, then, before you would be authorized to convict the defendant on the testimony of such witness, the corroborating facts and circumstances must be such as, independent of the testimony of the alleged accomplice, would lead to the inference of the defendant's guilt; and the corroborating facts and circumstances must in some way directly connect the defendant with the criminal act charged, independently of the testimony of such alleged accomplice." To the part of the excerpt enclosed in brackets the plaintiff in error excepted on the grounds, first, "because the charge authorized the jury to corroborate an accomplice by circumstances in the case regardless of whether they bore the stamp of truth or falsity;" second, "because the court charged there must be credible testimony or circumstances which connect the defendant with the offense independent of the testimony of the accomplice. Under the charge of the court, proof of the corpus delicti would authorize the jury to convict the defendant, and this is erroneous." In *McCormick* v. *State,* 176 *Ga.* 21 (4) (166 S. E. 762), the Supreme Court approved an excerpt from a charge which was, in effect, in the same language as the charge here excepted to. The remaining part of the excerpt quoted next above was taken from *Gaulden* v. *State,* 41 *Ga. App.* 635 (154 S. E. 209), and *Callaway* v. *State,* 151 *Ga.* 342 (106 S. E. 577). *Langston* v. *State,* 153 *Ga.* 127 (3) (111 S. E. 561). The instruction was not error for the reasons stated.

■ The State's evidence disclosed that the defendant, Otis Sutherland, and Mike Petrantis committed the crime of larceny from the person of one J. B. Sanders under the following circumstances: on the night of October 7, 1940, Sanders and Mr. and Mrs. Griffin

went to a place called the "Silver Dollar" to get something to eat and drink. Mr. and Mrs. Griffin went into the place and Sanders remained outside in the car. The defendant, Sutherland, and Petrantis were inside when Mr. and Mrs. Griffin went in. They stayed there longer than they expected and Sanders dropped off to sleep. Sanders felt his money in his hip pocket in his pocketbook at Phillips's tourist camp, at which time he buttoned the pocket. They drove by Crawford's Restaurant and made some small purchase which Sanders paid for with money from another pocket, and from there they went to the Silver Dollar, where they saw the defendant and company. When Mr. and Mrs. Griffin came out they noticed that the front door of the car on the side where Sanders was sitting was open, and they awakened Sanders. Sanders drove them to his home where he first missed his pocketbook and money, about $106 in all. They called a policeman and went immediately back to the Silver Dollar. When they entered Petrantis ran to the rear of the place and put a ten-dollar bill in a cabinet over the lavatory. The defendant went behind the Silver Dollar and hid something. About ten days or two weeks after this the defendant and Sanders happened to be at the same road house. A brawl started. Sanders and two young ladies started back to town. They stopped at another road house and discovered the defendant in the rear seat of the car covered up with a coat which belonged to one of the girls. There was testimony to the effect that at this time the defendant and Sanders got into an argument as to whether Sanders would take the defendant home in his car. One of the girls accused the defendant of having robbed Sanders before, on the occasion of October 7. The defendant stated that he had robbed Sanders before and intended to do it again if he could get away with it. There were at least four witnesses who testified that the defendant made this confession or incriminatory statement. In addition to the evidence of a confession, Petrantis, an accomplice, testified that they committed the crime charged. The defendant, in his statement to the jury and through the testimony of Sutherland, denied any connection with the offense charged and offered an explanation which evidently the jury did not believe. We think the evidence authorized the verdict. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

910

MacIntyre, J.  On rehearing of this case the judgment is adhered to.  *Broyles, C. J., and Gardner, J., concur.*