## 30491. ROWLAND *v.* THE STATE.

Decided April 20, 1944.

*A. S. Skelton,* for plaintiff in error.
*R. Howard Gordon, solicitor-general,* contra.

BROYLES, C. J.   Junior Rowland was convicted of the offense of gaming. His motion for a new trial, based on the general grounds only, was overruled, and that judgment is assigned as error. The defendant introduced no evidence and made no statement to the jury.  The only witness for the State testified as follows:

"On July 10, 1943, at which time I was deputy sheriff of Hart County, I went over near Goldmine in Hart County for the purpose of serving a warrant on Jesse Rowland; I was accompanied by Sheriff A. B. Brown.   I went over toward Jesse Rowland's house, which is between the Frank Sadler place and the residence of Dock Bond.   Between Jesse Rowland's house and the residence of Dock Bond there is a patch of pines.   I got into these pines and without being detected I got right up to where Junior Rowland, Jesse Rowland, Ott Eskew, Boodie Rowland, and a little boy were located. Boodie Rowland, Ott Eskew, Jesse Rowland, and Junior Rowland were squatted down on the ground kind of in a circle; there was $1.29 laying on the ground on a red handkerchief; Jesse Rowland was dealing cards.   There were four hands being dealt, and as they were being dealt were being laid on the ground.   I do not know who the $1.29 belonged to.   I did not hear Junior Rowland say anything, but I did hear Jesse Rowland make the remark to him as I come up on them, 'it is your deal.'   All I did see was the $1.29

and the four hands of cards being dealt and the four whose names I have given squatting down on the ground."

In our opinion, the evidence, while wholly circumstantial, authorized the defendant's conviction and excluded "every other reasonable hypothesis save that of the guilt of the accused." See *Roberts* v. *State*, 26 *Ga. App.* 66 (105 S. E. 707); *Washington* v. *State*, 24 *Ga. App.* 65 (100 S. E. 31). In *Griffin* v. *State*, 2 *Ga. App.* 534 (58 S. E. 781), cited in behalf of the plaintiff in error, the circumstantial evidence tending to connect the accused with the offense charged was not as strong as that in the instant case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*