## DICKERSON v. THE STATE.

1. When in the trial of a criminal case the jury have been fully and clearly instructed that they are not authorized to convict unless the evidence satisfies their minds, beyond a reasonable ˙doubt, of the guilt of the accused, a new trial will not be granted because the court instructed the jury that, in determining the credibility of the witnesses and where the truth is, they might consider the number of witnesses, though ·the number of witnesses would not indicate what was the truth of the case.

2. The remarks of counsel for the State, alleged to have been improper, were not of such a character as to require the granting of a new trial upon the ground that the court erred in refusing a mistrial at the time the remarks were made.

3. The discretion of the trial judge in refusing to grant a new trial on the ground of newly discovered evidence will not be interfered with, when there is nothing before the judge to show the character and credibility of the alleged newly discovered witnesses.

4. The evidence warranted the verdict, and there was no error authorizing a reversal of the judgment.

Argued October 17, — Decided November 10, 1904.

Indictment for murder. Before Judge Freeman. Meriwether superior court. June 30, 1904.

The evidence for the State made a case of murder by shooting. Testimony for the accused tended to support the theory of self-defense. There was a verdict of guilty, with a recommendation to mercy; and the defendant excepted to the refusal of a new trial. The motion therefor, in addition to the general grounds, alleged that the court erred in charging the jury as follows: " You determine the credibility of the witnesses, and in determining that question you may look to the number of witnesses who testified, although the number of witnesses does not indicate where the truth may be. You determine their credibility. You may consider, in determining where the truth is, the number of witnesses who testified."

Also, that the court erred in refusing to declare a mistrial on motions made by the defendant's counsel. During the argument of Mr. Terrell, of counsel for the State, he said, " In order to acquit the defendant the jury would have to rape justice and ravish the law." Upon this a motion for mistrial was made. Before a ruling was made, Mr. Terrell continued, " I don't blame my brother McLaughlin for interrupting me. He don't like to hear me talk against his client." Mr. McLaughlin said, " I move

a mistrial for that." Mr. Terrell said, "I withdraw it." The judge said to the jury, "Let that have no effect on you, gentlemen." Mr. Terrell also said, in argument, "We need a neck-breaking in Meriwether, to stop all such killing." Mr. McLaughlin said, "I object to that." Mr. Terrell said, "I say from the evidence in this case." The judge said, "Brother Terrell's remark, as to a neck-breaking needed in this county, must be as to this case. Let your remarks apply to this case." Mr. Terrell said further, in argument, "The witness knew he had told a lie as black as hell, when he swore the dead man had a knife in his hand." Mr. McLaughlin said, "I renew my motion for a mistrial." The motion was overruled.

*McLaughlin & Jones*, for plaintiff in error. *John C. Hart, attorney-general*, and *H. A. Hall, solicitor-general*, contra.

COBB, J. 1. In determining where the preponderance of evidence lies in a civil case the jury are authorized to consider the number of witnesses, though the preponderance is not necessarily with the greater number. Civil Code, § 5146. It will thus be seen that the number of witnesses has slight bearing upon the question of preponderance even in a civil case; and hence it follows that in a criminal case, where the issue is not to be determined by the preponderance of the evidence, but the guilt of the accused must be made to appear beyond a reasonable doubt, the number of witnesses that may be called is a circumstance at best of very slight significance. It is therefore better, in the trial of a criminal case, in giving the jury the rules in reference to the credibility of witnesses, to make no reference to the rule laid down in the section of the code above cited. But where the jury have been fully and clearly instructed that a conviction will not be authorized unless the evidence is of such a character as to satisfy their minds, beyond a reasonable doubt, of the guilt of the accused, the fact that the judge, in giving them the different rules for determining the credibility of witnesses, states that they might look to the number of witnesses, although the number does not indicate where the truth is, will not be cause for a new trial.

2. The remarks of counsel for the State were not of such a character as to require the granting of a mistrial.

3, 4. The record does not disclose anything to indicate what

was the character or credibility of the alleged newly discovered witnesses.   Affidavits showing this are indispensable in applications for new trials upon the ground of newly discovered evidence. Civil Code, § 5481.   In addition to this, the alleged newly discovered evidence is in part cumulative and in part impeaching; and nothing has been shown to take the case out of the general rule, that in such cases the discretion of the judge in refusing a new trial will not be interfered with.   The evidence authorized the verdict, and we find no error requiring a reversal of the judgment.          *Judgment affirmed.   All the Justices concur.*