### 552, 629.  MILL v. THE STATE.

1. The law of the preponderance of evidence is not applicable in criminal cases; and where in a particular case there is testimony in behalf of the State and the defendant, and the issue to be determined depends upon the weight which the jury may give to the conflicting evidence, it is error to charge said law.
2. The only appropriate charge in a criminal case on the subject of the weight of evidence is the fundamental principle that the State is required to prove the guilt of the accused beyond a reasonable doubt.
3. The law of positive and negative testimony was not applicable to the facts of this case, and a charge thereon was calculated to confuse and mislead the jury, and was especially erroneous without an instruction that in weighing the testimony of witnesses the jury should also consider and pass upon their credibility.
4. The evidence indicating the guilt of the defendant is weak and not entirely satisfactory; but there is some slight evidence to support the verdict and we can not hold that the court erred in the exercise of its discretion in refusing to grant a new trial.
5. There is no law by which the State can maintain a cross-bill of exceptions in a criminal case; and in such a case, there being no provision of law for taxing the cost against the State, the cost will be taxed, under the Civil Code, §§ 5512, 5591, against the solicitor bringing the cross-bill.

Accusation of killing hog, from city court of Wrightsville—Judge Faircloth.  May 20, 1907.

Submitted July 17,—Decided July 25, 1907.

*E. L. Stephens,* for plaintiff in error.

*J. L. Kent, solicitor,* contra.

HILL, C. J. Otto Mill was convicted in the city court of Wrightsville, on an accusation charging him with the offense of maliciously killing a certain described hog. He filed a motion for a new trial, which was overruled. This is the second time that plaintiff in error has appeared before this court. The verdict of guilty against him was set aside in the first instance because of the failure to prove the venue.

If we had authority to do so, we would be inclined to set aside the verdict and grant a new trial on the ground of the weakness of the evidence for the State; but if the jury believed the prosecutor, there was some evidence on which a verdict of guilty could have been predicated; and therefore we can not hold that the trial judge abused his discretion in refusing to grant a new trial. The only evidence against the defendant is that of the prosecutor, who testified that he found his hog dead just outside of the field of the defendant with wounds upon its body indicating that death had been caused by violence, and the statement by the defendant to him that he had killed the hog and thrown it over the fence. This confession was denied by the defendant, and there was much evidence in his behalf which tended to prove that no hog had been killed by him, several witnesses swearing that they had made diligent search at and near the place where the prosecutor located the body of the dead hog, without finding it, and several other witnesses testified that they had seen the hog described by the prosecutor as having been killed, subsequently alive in the prosecutor's lot, and there were no marks upon its body except that its tail had been recently bitten off or cut off. The defendant stated, on his trial, that the hog in question had been committing depredations in his cornfield, and that he set his dog on it to run it out, and that the dog had bitten off the hog's tail. The prosecutor testified that this tailless hog was not the one that the defendant had killed, but that this hog had been without a tail since its "pighood." In addition to the weakness of the evidence indicating guilt, there was shown to be a very bad state of feeling between the prosecutor and the defendant. In view of the character of the evidence, we think the court erred:

1. In charging the law of the preponderance of evidence. The entire charge of the court is not given in the record. The excerpt from the charge on the subject of the preponderance of evidence led the jury to believe that they would be authorized to base a con-

viction on the greater weight of the evidence. We think, under the facts of this case, that this instruction was not only calculated to mislead the jury, but was hurtful to the defendant. This is especially true where there was, as in this case, only one witness for the State, and many for the defendant, and the court told the jury that while they could consider the number of witnesses in deciding upon the weight of the evidence, the preponderance was not necessarily with the greater number. *Williams* v. *State,* 125 *Ga.* 302, 54 S. E. 108; *Jackson* v. *State,* 125 *Ga.* 101, 53 S. E. 607.

2. The court charged the jury the law of positive and negative testimony as defined in the Penal Code, § 985. This charge was not applicable to the facts of the case, and was calculated to mislead and confuse the jury. Besides, the court, in this connection, failed to instruct the jury that in weighing the testimony of the witnesses they should also consider and pass upon their credibility. This, we think, was error. *Wood* v. *State, Phillips* v. *State,* 1 *Ga. App.* 684, 687, 57 S. E. 1079, 58 Id. 271.

3. Error is also assigned because the court failed to charge the jury the law of confessions, it being insisted that such law was especially applicable in this case, where the only evidence incriminating the defendant was his confession, and this confession was corroborated only by circumstances proving the corpus delicti. While we think that such charge would have been appropriate to the facts of this case, we can not hold that the court committed error in not so charging where there was no request to do so.

For the reasons stated in the first and second paragraphs in the foregoing opinion, the judgment refusing a new trial is reversed.

There is no law in this State authorizing the State to maintain a cross-bill of exceptions in a criminal case. *Judgment reversed.*