PRESSLEY *v* THE STATE.

FISH, C. J. 1. Upon the call of the case in its order, for trial, counsel for the accused stated to the court that a named witness for the accused, who lived in the county and who had been subpœnaed, was absent, that the accused was not ready for trial without the witness, and that he expected to prove by the witness the general character of the accused for peaceableness and the general character of the deceased for violence. The judge stated that the trial would proceed and that he would send for the witness. During the progress of the trial the bailiff who was sent for the witness "reported that he was sick, and the trial proceeded without him." Counsel for the accused made no motion in reference to the trial of the case after the report of the sickness of the witness was made. *Held,* that it does not appear that any error was committed.

2. "It is not the duty of the court to carve up the case into different propositions, and instruct the jury specifically on each as to reasonable doubt, but to submit the case as a whole upon all the evidence, and instruct upon the subject of doubt in appropriate terms upon the whole case." *Carr* v. *State,* 84 *Ga.* 250 (10 S. E. 626) ; cases collated in 11 Michie's Enc. Dig. Ga. Rep. 17; *Tolbert* v. *State,* 127 *Ga.* 827 (56 S. E. 1004). Therefore, where it was not contended that the court did

not correctly charge the jury upon the subject of reasonable doubt as to the whole case, it was not reason for a new trial that the court failed, in the absence of a timely written request to so charge, to instruct the jury, on the trial of one charged with murder, that if they believed, under the evidence, the accused to be guilty of either murder or voluntary manslaughter, but had a reasonable doubt as to whether it was murder or manslaughter, then they should give him the benefit of the doubt and find him guilty of voluntary manslaughter.

3. In charging section 70 of the Penal Code, failure to explain to the jury the meaning of the word "felony," used therein, is not cause for a new trial, in the absence of an appropriate and timely request so to do. *Pickens* v. *State*, ante, 46 (63 S. E. 783).

4. Under the evidence in this case, it was not error to charge: "When a homicide is proven the law presumes malice, and unless the evidence relieves the slayer, he should be found guilty of murder." *Clark* v. *State*, 35 *Ga.* 75; *Green* v. *State*, 124 *Ga.* 343 (52 S. E. 431); *Burley* v. *State*, 130 *Ga.* 343 (60 S. E. 1006), and cases cited.

5. Nor did the court err in charging that "The doctrine of reasonable fears only applies when the danger is urgent and pressing, or apparently so, at the time of the killing." *Jackson* v. *State*, 91 *Ga.* 271 (18 S. E. 298, 44 Am. St. R. 22).

6. After giving in charge section 985 of the Penal Code as to the relative values of positive and negative testimony, it was not error, on the ground that the facts of the case did not authorize it, to instruct the jury that in applying the rule stated in that section it was "the duty of the jury to pass upon the credibility of the witnesses testifying positively and the other witnesses testifying negatively, and determine which witness in their opinion should be believed."

7. An instruction given in the language of the Penal Code, § 993, as to when the general character of parties and their conduct in other transactions may be considered, was not objectionable as being "unauthorized by the facts of the case."

8. Nor did the reading, as part of the court's charge, of section 5146 of the Civil Code, prescribing what may be considered by the jury in determining where the preponderence of the evidence lies, require the grant of a new trial, on the ground that such charge was "unauthorized by the facts of the case;" although it is not ordinarily apt to refer to preponderance of evidence in reference to the issue of guilt or innocence in a criminal case.

9. The court did not err in rejecting the proffered testimony of a witness for the accused, to the effect that a "little while" prior to the homicide, and at a "short distance" from the place where it occurred, "the deceased had out his pistol threatening to shoot, and bystanders had to interfere and stop him," it being stated in the ground of the motion as to this point that it did not appear that "he was making any effort to shoot defendant."

10. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concur.*

Argued December 21, 1908.—Decided February 17, 1909.

Indictment for murder. Before Judge Worley. Hart superior court. September 22, 1908.

A party of negroes were returning home late at night, and a quarrel arose between Pressley and a woman named Neley Carpenter, during which he slapped or "brushed" her face with his hand. Sherrard told him not to be hitting that woman in the face, or to "quit knocking that woman." Pressley asked Sherrard if he had drawn his pistol on Pressley, and Sherrard replied that he had not. According to some testimony, Pressley said, "You are a damned liar; you did." Several witnesses testified that Sherrard said that whoever said he drew a pistol on Pressley was a God damned liar; and that thereupon Pressley "reached around" Neley Carpenter and shot Sherrard, inflicting a wound from which he afterward died. There was testimony that after being so wounded he fired a shot from his own pistol at Pressley. The accused contended that Sherrard first drew a pistol and threatened to shoot him, before he pulled out his pistol and fired it, which he did without meaning to shoot Sherrard but to keep him from shooting the accused. The jury returned a verdict of guilty, with a recommendation to mercy; and the defendant excepted to the overruling of his motion for a new trial. The grounds of the motion are sufficiently indicated by the headnotes.

*A. G. & Julian McCurry,* for plaintiff in error. *John C. Hart, attorney-general,* and *David W. Meadow, solicitor-general,* contra.