10273.   SMITH <em>v.</em> THE STATE.

BLOODWORTH, J.  1.  The court did not err in admitting evidence as complained of in the 4th ground of the motion for a new trial.

2. There was ample evidence to authorize the charge of the court on voluntary manslaughter.   See *Weldon* v. *State*, 21 *Ga App*. 330 (1*h*) (94 S. E. 326), and cases cited.

3. The instructions on voluntary manslaughter, set out in the motion for a new trial, are not subject to the exceptions taken, when read in connection with the remainder of the charge of the court.

4. "In charging section 70 of the Penal Code, failure to explain to the jury the meaning of the word 'felony,' used therein, is not cause for a new trial, in the absence of an appropriate and timely request so to do." *Pressley* v. *State*, 132 *Ga*. 64 (3), 65 (63 S. E. 784); *Pickens* v. *State*, 132 *Ga*. 46 (63 S. E. 783); *Jordan* v. *State*, 16 *Ga. App*. 393, 400 (85 S. E. 455).

5. The requests to charge, so far as pertinent and legal, were covered by the charge as given.

6. There was evidence to support the verdict; and the judgment is

<em>Affirmed. Broyles P. J., and Stephens, J., concur.</em>

DECIDED APRIL 12, 1919.

Conviction of voluntary manslaughter; from Jasper superior court—Judge Park.   December 10, 1918.

From the 4th ground of the motion for a new trial it appears, that there was testimony to the effect that when, in reply to a question of J. L. Burney, the defendant said that Shep Saffold, the person he was charged with having killed, was killed by his own pistol, Burney said, "That won't do; I have got his pistol here, and Shep's pistol hadn't been shot;" and the defendant said

nothing then.   This statement of Burney was objected to as his mere opinion on facts to be passed upon by the jury, and counsel for the defendant moved to rule it out.   The court held that it was admissible as a part of the conversation between Burney and the defendant.   It is alleged that the court erred in refusing to exclude it.

*W. S. Florence,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.