### 11031. EVANS *v.* THE STATE.

LUKE, J. 1. "Where the court gives in charge to the jury the principles of law with respect to the right of a slayer to kill in order to prevent the commission of a felony, the failure to define the term 'felony,' as used in such charge, in the absence of a request to give such definition, is not error requiring a new trial." See *Faison* v. *State,* 13 *Ga. App.* 180 (3) (79 S. E. 39), and cit.; *Smith* v. *State,* 23 *Ga. App.* 541 (4) (99 S. E. 142).

2. The charge of the court was full and fair and stated the contentions of the parties clearly, and, if the defendant desired more specific instructions upon the issues raised by his statement, he should have made a timely written request therefor. The evidence authorized the verdict, and it was not error, for any reason assigned, to overrule the motion for a new trial.

     *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
         DECIDED JANUARY 27, 1920.

Indictment for assault with intent to murder; from Gordon superior court—Judge Tarver. September 27, 1919.

*Starr & Paschall, M. B. Eubanks,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.

---

### 11037. PITTS *et al. v.* SMITH.

BROYLES, C. J. 1. Neither of the excerpts from the charge of the court complained of, when considered in the light of the entire charge and the facts of the case, contains material error.

2. The 4th and 5th special grounds of the motion for a new trial are merely amplification of the usual general grounds. The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

     *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
         DECIDED JANUARY 27, 1920.

Trover; from Newton superior court—Judge Hutcheson. October 11, 1919.

*Rogers & Knox,* for plaintiff in error.

*King & Johnson,* contra.