## 16770.   DAVIS *v.* THE STATE.

The charge of the court on the law of voluntary manslaughter was authorized by the evidence and the defendant's statement at the trial.
The charge of the court as to the preponderance of evidence was not cause for a new trial.

DECIDED NOVEMBER 10, 1925.

Conviction of manslaughter; from Macon superior court— Judge Eve presiding.   August 13, 1925.

In the motion for a new trial it is contended, as to the charge on the preponderance of evidence, which is set out in the decision, that "it is inapt, not demanded, and absolutely prejudicial to the defendant's rights, and serves to confuse the minds of the jury, there being a conflict in the testimony between the State and the defendant on the issues in the case depending on the weight to be given conflicting evidence.   It is error to charge the law of preponderance of evidence at all."

*John B. Guerry,* for plaintiff in error.
*Jule Felton, solicitor-general,* contra.

BROYLES, C. J.   1.   Under the evidence adduced and the defendant's statement, the court did not err in instructing the jury upon the law of voluntary manslaughter.

2.   It was not reversible error to instruct the jury as follows: "There are certain general principles of law that, according to the opinion of the court, it is entirely proper should be given for the consideration of the jury in investigations of any and all criminal cases, of whatever nature, character, and kind.   Some of these are now given you in charge, for your information and guidance and

consideration. Moral and reasonable certainty is all that can be expected in legal investigations. In all civil cases the preponderance of the testimony is considered sufficient to produce mental conviction. What amounts to preponderance of testimony, or the meaning of it, there might be doubt in your minds as to exactly its meaning. The Civil Code says: 'By a preponderance of the testimony is meant that superior weight of the evidence upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other.' That is the definition of 'preponderance of evidence,' contained in this section. Continuing, it says, in this section of the Penal Code: 'In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty;' meaning a greater than preponderance of testimony." See, in this connection, *Wilburn* v. *State,* 141 *Ga.* 510 (8) (81 S. E. 444). In the case of *Mill* v. *State,* 2 *Ga. App.* 398 (58 S. E. 673), cited and relied upon by counsel for the accused, the charge was quite different from that in the instant case; for, as stated by Hill, C. J., in the opinion, "The excerpt from the charge on the subject of the preponderance of evidence led the jury to believe that they would be authorized to base a conviction on the greater weight of the evidence." The charge complained of in the instant case clearly informed the jury that the accused could not be convicted upon a mere preponderance of the evidence.

3. The verdict was authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*