### 21500. SIMS *v.* THE STATE.

DECIDED JUNE 10, 1931.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J. The indictment in this case charges that Steve Sims did, on October 15, 1930, in the county of Wilkes, he being then and there "a renter of a three-horse farm from D. S. Danner . . and being indebted to his landlord in the amount of 1500 pounds of middling lint cotton for the rent of said land for said year 1930, and said rent being then and there due, with intent to defraud his said landlord . . and without the consent of said landlord, and before paying said rent for said year 1930, sell one bale of lint cotton weighing 582 pounds, grown by him on said land . . in the year 1930, and on which said D. S. Danner had a lien for rent for the year 1930, and did appropriate the proceeds of said sale to the said Steve Sims' own use, to the loss and damage of said D. S. Danner in the sum of $52.80. . ." The defendant was convicted of the offense charged, and he excepts to the overruling of his motion for a new trial.

■ Having testified that the defendant rented the said farm from him for the year 1930 for a consideration of three bales of middling lint cotton, that the rent was due on October 15, that the defendant did not cultivate any other land that year, and that no part of the rent had been paid, D. S. Danner swore: "I have talked with him (defendant) since it is alleged he sold some cotton grown on my place. The statements that he made to me with reference to it were freely and voluntarily made. He asked to see me several times. He told me before he got in there . . he had not sold any cotton, but that he carried a bale off. I did not give him my consent to sell that bale of cotton. It was done over my objection and without my consent. He told me that he sold that cotton to Mr. Orr. He did not tell me in what name he sold it. I think he said the cotton weighed 588 pounds. He didn't bring me the money for that cotton. He has never offered it to me since. He told me that he sold the cotton here in Washington to Mr. Orr. That is in Wilkes County. That was 1930. The crop I have reference to was grown this year, 1930. I suppose that cotton ought to have been worth on the market, on the 22d, when he sold it, in the neighborhood of ten cents a pound." This witness further·

testified that he had made arrangements with Mr. Bolton to "furnish him $25 a month for rations;" that defendant had not paid Mr. Bolton; that defendant had about four hundred pounds of cotton "in the house," and did not have five hundred pounds in the field; that Mr. Bolton "ran" defendant, and witness "was responsible to Bolton;" and that defendant owed Mr. Bolton a little over $150, and had not paid witness any part of his rent. G. W. Ledbetter testified: that on or about October 15, defendant brought him a check signed by Mr. Orr and payable to "Charlie Williams;" that defendant told witness that his name was Charlie Williams; that the check was a "warehouse check;" that witness did not know what it was for, and refused to cash it. W. A. Orr testified: that on or about October 22 he bought two bales of cotton from two persons "as Charlie Williams;" that witness knew one Charlie Williams, a young negro, but that he did not know whether or not he gave the defendant a check on that date. The gist of the defendant's statement to the jury is as follows: "I paid Mr. Bolton what he said I owed him. I got my receipts at home. I turned Mr. Danner over two bales at the ginhouse. He told me to let them two bales stay there. I got some more cotton, three or four bales in the field right now to pick, with what I have got out." W. A. Orr, recalled for the State, identified the two checks given by him to the two different men "by the name of Charlie Williams," and the check for $53.64 was introduced in evidence. There is some other testimony which throws very little, if any, additional light upon the questions at issue in the case, and which we will not recite. The evidence speaks for itself. We are satisfied that it supports the verdict.

█ Special ground 1 complains that the court erred in admitting in evidence the defendant's admission that he sold a bale of cotton to Mr. Orr, the contention being that the defendant's statement was not freely and voluntarily made. It appears from this ground that the defendant had asked to see Orr several times, and Orr swore that the statement was freely and voluntarily made. Furthermore, there is nothing in the ground to indicate that the statement was not freely and voluntarily made by the defendant. Clearly there is no merit in the ground.

█ Special ground 2, complaining that "the allegations of the indictment are not supported by the proof," because the indictment

alleged that defendant sold a bale of cotton weighing 582 pounds and the proof showed that said bale of cotton weighed 588 pounds, is without merit.

■ Special ground 3, complaining that the State did not prove the essential elements of the crime charged, is without merit. .

■ Special ground 4 complains that the court failed, without request, to charge the jury that the ingredients of the offense charged, and each of them, must be proved beyond a reasonable doubt. The court charged the jury that the indictment, with the defendant's plea of not guilty, made the issues to be tried, and that the burden was upon the State "to prove every material allegation of this bill of indictment against the defendant beyond a reasonable doubt," and read to the jury sections 720 and 721 of the Penal Code of 1910. The issues and the law controlling them having been fairly presented to the jury in the charge of the court, and there having been no request for any other or further charge in those respects, this ground is without merit.

■ The defendant's conviction not depending entirely upon circumstantial evidence, and there having been no request to charge the law of circumstantial evidence, special grounds 5 and 6 complaining that the court did not charge the jury upon circumstantial evidence, are without merit.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*