## 22921. BELL *v.* THE STATE.

MacINTYRE, J. 1. In charging the jury in a criminal case it is error under the Penal Code (1910), § 1058, for the court "to assume or seem to assume that a transaction was a crime." *Freeman* v. *State*, 158 *Ga.* 369 (4) (123 S. E. 126); *Minor* v. *State*, 58 *Ga.* 551 (3); *Phillips* v. *State*, 131 *Ga.* 426 (62 S. E. 239).

(a) Where, as in this case, the defendant admits that he killed the deceased with a pistol, but in no way admits that the killing was a crime, and contends in his statement (a) that he fired the fatal shot under a real or apparent necessity to prevent a felony from being committed upon him, and (b) that he shot with no intention of hitting the deceased, but merely to frighten him and cause him to desist in his real or apparent deadly attack, it is reversible error for the court to use the following language in charging the jury: "If you are considering the question of whether or not the *crime* should be reduced to manslaughter," etc.

(b) The error referred to was repeated in practically the same language in another part of the charge.

2. The rule fixed by the Civil Code (1910), § 5732, for judging the credibility of witnesses is not inapplicable in a criminal case. *Thompson* v. *State*, 160 *Ga.* 520 (128 S. E. 756).

3. In instructing the jury upon the law applicable to the defendant's statement in a criminal case, it is the safer and better practice merely to read all of section 1036 of the Penal Code (1910), except the last sentence thereof. *McDonald* v. *State*, 129 *Ga.* 452 (2) (59 S. E. 243); *Cargile* v. *State*, 137 *Ga.* 775 (2) (74 S. E. 621).

4. The special assignments of error averring that the trial judge erred in charging upon voluntary manslaughter, because that offense was not involved in the case, are not meritorious.

5. Since the judgment is reversed because of an error in the charge of the court, this court will not consider the general grounds of the motion for a new trial.

*Judgment reversed.* *Broyles, C. J., and Guerry, J., concur.*

DECIDED JULY 15, 1933.

*E. S. & J. L. Griffith, Price Edwards,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general,* contra.