30102. CARTER *v.* THE STATE.

DECIDED JUNE 26, 1943.

*James Maddox,* for plaintiff in error.
*Henderson L. Lanham, solicitor-general,* contra.

GARDNER, J. In the only special ground error is assigned from the charge of the court, as follows: "(a) That said charge con-

fuses the rules of law relating to the credibility of witnesses in civil and criminal cases, and that said charge is a mixture of the two, and that the rule in civil cases has no application to criminal cases, and that said charge did not set forth or give the rule applicable to criminal cases. (b) Movant contends that said charge unduly stressed the effect of the testimony of the witness for the State as against the testimony of the witnesses for movant for the reason that each of the witnesses for movant were related to him, and it so affirmatively appeared from the testimony, and by the use of the words 'their bias or prejudice, if any exist; their relationship to the parties, if any,' and 'their interest or want of interest in the result of the case,' repeatedly called the fact to the attention of the jury that they were related, prejudiced and interested in the result of the case, and that the same was particularly harmful for the reason that no other witness testified in behalf of movant. (c) That the words, 'their relationship, if any' is not contained in the rule of law relating to the credibility of witnesses in criminal cases, and to so instruct the jury in this case had the effect of unduly stressing and calling to the attention of the jury that the witnesses for movant were related to him, and that this relationship should be taken into consideration in determining their credibility. That the same was particularly harmful and prejudicial to movant when it was not accompanied with any charge or instruction that a witness related to movant should not be discredited upon that ground alone, or a charge in substance to that effect. (d) That if the court properly gave in charge the rule of the credibility of witnesses in civil cases as set forth in Code section 38-107, then it was particularly erroneous, harmful and prejudicial to movant that the court failed to charge in connection therewith, 'the jury may also consider the number of witnesses' for the reason that a part of his defense and that of alibi which was supported by the testimony of three witnesses, whereas there was only one witness for the State. (e) That the court having undertaken to charge on the question of the credibility of the witnesses, and to give in charge the provisions of Code § 38-107, it was the duty of the court to instruct the jury fully and completely with respect thereto, and not merely to charge certain portions of that Code section, and omit other parts thereof, and particularly that 'the jury may also consider the number of the witnesses.' "

■ Immediately preceding the portion of the charge to which exception is taken the court charged: "You are also made the exclusive judges of the credibility of the witnesses, that is, what weight and credit you should give to the testimony of each and every witness." Before charging on the credibility of the witnesses the court charged: "He enters upon the trial of the case presumed to be innocent, and this presumption remains with him throughout the trial of the case, and entitles him to an acquittal at your hands until and unless the state removes and overcomes that presumption of innocence by the introduction of evidence in your presence and hearing which convinces you of his guilt to a reasonable and moral certainty and beyond a reasonable doubt, and this reasonable doubt is just such a doubt for which you could give a reason for having, after having listened to the evidence as fairminded impartial jurors, and the statement of the defendant. So long as this doubt remains in your minds you should give the defendant the benefit of the doubt and acquit him, but if it does not longer exist, you ought to convict." Immediately following the charge of which complaint is made the court charged fully on circumstantial evidence. The court then charged on the law of alibi to the effect (a) that such defense need be established only to the satisfaction of the jury and not beyond a reasonable doubt; and (b) that the testimony introduced on the defense of alibi should be taken along with all the other evidence in the case in determining the guilt or the innocence of the defendant and if in considering all of the evidence and the defendant's statement the jury should entertain a reasonable doubt as to the guilt of the defendant, it was their duty to give him the benefit of that doubt and acquit him. It nowhere appears in the charge that the judge made any reference whatsoever to a preponderance of the testimony. On the contrary in several statements he impresses the jury with the principle of law that they should not convict the defendant unless they found him guilty beyond a reasonable doubt. In *Thompson* v. *State,* 160 *Ga.* 520, 521 (128 S. E. 756), the court said: "In the first ground of the amendment to the motion for a new trial error is assigned upon the following charge of the court: 'You are also the judges of the credibility of the witnesses; that is, the truthfulness of the witnesses; and you have the right to take into consideration the

manner of the witnesses while upon the stand testifying, their interest or want of interest in the case, their means and opportunities of knowing the facts to which they testified, and their personal credibility, as the same may legitimately appear upon the trial, and such other mental tests are you authorized to apply in determining just what witness or witnesses you will believe in the case.' This charge is criticised upon the ground, among others, that it is 'largely the preponderance of evidence rule as laid down by § 5732 of the Civil Code of 1910.' While the language employed by the court is taken largely from the code section referred to, which is generally given as a part of the charge to the jury when the court is instructing them as to what they may consider in determining where the preponderance of evidence lies, the part of the section charged is not inapplicable to a criminal case when charged in connection with that portion of the court's instructions to the jury in which the court is dealing with the province of the jury to determine the credibility of the witnesses who have testified in the case. And in this case, after instructing the jury that they were the 'judges of the credibility of the witnesses,' the judge, in immediate connection therewith, charged the jury in the language of the excerpt excepted to. This charge merely gives to the jury matters that they might take into consideration in passing upon the credibility of the witnesses, and the rules stated are substantially correct, and there is no intimation that they should determine any of the issues in the case adversely to the defendants by a preponderance of the evidence. They were duly instructed that, in passing upon the question as to whether the defendants were guilty or not of the crime for which they were indicted, the jury should be satisfied of their guilt beyond a reasonable doubt. The charge here excepted to was not error upon the ground mentioned, nor for any other reason assigned in the exceptions."

Learned counsel, in arguing this ground as cause for a reversal, relied upon the decisions in *Gale* v. *State,* 135 *Ga.* 351, 356 (5) (69 S. E. 537), *Shankle* v. *Crowder,* 174 *Ga.* 399, 411 (163 S. E 180), *Eller* v. *State,* 48 *Ga. App.* 163 (172 S. E. 592). In *Gale* v. *State,* the court said: "It is not ordinarily apt, in the trial of a criminal case, to give in charge to the jury the provisions of section 5146 of the Civil Code, in regard to what may be considered by the jury in determining where the preponderance of

the evidence lies. But doing so will not in all cases require a reversal, if, in the light of the evidence and the entire charge, the instruction on that subject was harmless. *Pressley* v. *State*, 132 *Ga.* 64 (63 S. E. 784)." In the *Pressley* case the court said: "Nor did the reading, as part of the court's charge, of section 5146 of the Civil Code, prescribing what may be considered by the jury in determining where the preponderance of the evidence lies, require the grant of a new trial, on the ground that such charge was 'unauthorized by the facts of the case;' although it is not ordinarily apt to refer to preponderance of evidence in reference to the issue of guilt or innocence in a criminal case." In *Eller* v. *State*, supra, this court said: "It is ordinarily inapt to charge § 5732 [§38-107] in a criminal case, but so doing is not reversible error if the instruction appears to be harmless. . . In passing, it may be observed that while in the instant case the judge charged some of the ways of determining the credibility of a witness, as laid down in § 5732 [§38-107], supra, he carefully refrained from saying or intimating that the defendant's guilt or innocence was to be determined by the preponderance of the evidence." *Shankle* v. *Crowder,* supra, being a civil case, the principle there discussed and on which the judgment was reversed is not applicable in the instant case, for the reason that the preponderance of evidence rule prevails in a civil case; there the court simply held that in a civil case, if the court undertook to charge the sections on the preponderance of evidence rule, it should give in charge the Code section "fully and completely" with reference thereto, and not merely certain portions of that section. It will be noted that in none of the criminal cases relied on by counsel for the plaintiff in error did the courts reverse the judgment. In the instant case let it be kept in mind that the judge nowhere mentioned preponderance of evidence. In *Williams* v. *State,* 125 *Ga.* 302 (3) (54 S. E. 108), the court held: "It is the better practice in a criminal case not to charge the law of preponderance of evidence, but, under the facts of this case, to do so does not require a reversal of the judgment of the trial court." See *Jackson* v. *State,* 125 *Ga.* 101 (53 S. E. 607). In *Helms* v. *State,* 138 *Ga.* 826, 832 (76 S. E. 353), the court held: "The court gave the following charge to the jury: 'If, after investigating all the facts and circumstances in this case, you are satisfied by the preponderance of testimony

in the case, or if you have a reasonable doubt on that question, that the defendant was acting in self-defense, or against one who was manifestly intending by violence or surprise to commit a felony on his person, the defendant would be justifiable.' It is complained that this charge of the court was error. Undoubtedly it was inaccurate to charge the jury as to the preponderance of testimony in a criminal case; but when the charge of the court is taken as a whole, it will appear that the error complained of is harmless, because the jury were instructed that they would not be authorized to convict the defendant unless they were satisfied of his guilt beyond a reasonable doubt, and this latter instruction was repeated several times." See also *Bell* v. *State, 47 Ga. App.* 216 (169 S. E. 732), where it was held that the provisions of the Code, § 38-107, now under consideration was not inapplicable in a criminal case; and *Moore* v. *State, 57 Ga. App.* 287 (3) (195 S. E. 320), where this court held that Code § 38-107, in so far as it related to the determination as to where the preponderance of evidence lies, obviously had no application to a criminal case. "In so far as it relates to matters pertinent to the consideration of the credibility of witnesses, it may be given in charge to the jury in a criminal case." In the instant case the court did not charge any element which the jury were not authorized to consider in determining the credibility of the witnesses testifying. Assuredly the jury were authorized to consider the bias or prejudice, if any existed, also their relationship and their personal credibility. If the jury were authorized to consider these elements, certainly the court committed no error in charging the jury that they might do so. This assignment of error is without merit.

■ The sale of intoxicating liquors has not been legalized in Floyd County. About the middle of an afternoon the deputy sheriff concealed himself behind a hedge near the home of the defendant's sister. The defendant came around a hog-pen, picked up a sack, and came from around and behind his sister's house to a patch of Johnson grass and to a thorn bush about seventy yards from where the officer was concealed. He took from the sack two pint bottles and placed them under the thorn bush. He then took from the sack four additional pint bottles containing a yellow substance. He placed two of these additional four pint bottles, one in each of his hip pockets, one in his right hand and one in his

left hand or in some pocket of his clothes. The defendant then went through his sister's house from the back to the front, and from the front he crossed the road to where a car was parked in front of his brother's house. He delivered two pint bottles to the occupants of the car, who drove away. The officer did not observe what disposition was made of the other two pint bottles which the defendant possessed when he left the thorn bush. After the defendant had delivered the two pint bottles to the occupants of the car the deputy sheriff went to the thorn bush and procured the two pint bottles, which the defendant had hidden there. The officer did not see the defendant any more until he arrested him a few hours later at his home about half a mile away. The defendant worked for his brother, but did not live with him. The officer testified that the two pint bottles which he seized from under the thorn bush contained whisky with the revenue stamps thereon, that the bottles were wrapped in fancy cellophane paper, and that at least some of the other four pint bottles were likewise wrapped. The State's evidence further showed that the father of the defendant picked up the sack from which the bottles were removed. The sheriff also arrested the father, John Carter.

The defendant in his statement denied that he placed the liquor under the thorn bush, or that he was at his sister's house at all during the day in question. The father testified for the defendant, contradicting the officer's testimony to the extent that the defendant was not there where the sheriff claimed to have seen him; and further testified: "I most certainly do mean to say Bunk was not around there when Mr. Davis saw me bring that sack full of liquor down there. If he was I did not see him. I don't know where he was. The only man I saw down there was Floyd Wheeler; he came out to the hog pen to see me doctor the hogs, and he carried the preparation that I didn't use on the hogs back to the house; he worked at Shannon; he works on the night shift; he does not work for Ira." Another witness testified that the defendant was not where the sheriff claimed to have seen him with the bottles. If the deputy sheriff was worthy of belief (and the jury by its verdict showed that they thought so), the evidence sustained the verdict. It is earnestly contended by counsel for the plaintiff in error that the State's evidence did not show, even if the deputy sheriff was credible, that the defendant possessed

more than one quart of whisky. This argument is based on the supposition that there is no evidence to sustain the position other than the two pint bottles found under the thorn bush containing whisky, and the defendant was entitled under the law to possess one quart. From all the circumstances of the case as shown by the evidence, we can not agree to this contention. The jury were authorized to apply the presumptive-evidence rule as set forth in the Code, § 38-102, as follows: "Presumptive evidence consists of inferences drawn by human experience from the connection of cause and effect, and observations of human conduct." When this rule is applied under the facts of this case, there can be no doubt that the evidence is sufficient to sustain the verdict. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., concurring specially. The Code, § 38-107, states a rule for determining in a civil case where the preponderance of the evidence lies. It does not refer to the rule in a criminal case as to the method for determining when an accused has been proved guilty beyond a reasonable doubt. In so far as a criminal case is concerned, this section should be eliminated from the consideration of the court. It has no application in a criminal case, and to attempt to apply it in a criminal case has only a tendency to confuse. It does not enlarge or restrict the judge's right to give to the jury, in his charge in a criminal case, suggestions and helpful rules not contradictory of the rules of law applicable to criminal cases, when he thinks these will aid the jury in properly determining the credibility of witnesses. We should undertake to apply only criminal rules of law to criminal cases. In the instant case the excerpt was not error for any reason assigned. *Sconyers* v. *State,* 67 *Ga. App.* 902 (21 S. E. 2d, 904).