### 30103.   TYNER *v.* THE STATE.

DECIDED OCTOBER 15, 1943.

*R. L. LeSueur*, for plaintiff in error.

*E. L. Forrester, solicitor-general*, contra.

BROYLES, C. J: The defendant was tried for murder, and was convicted of voluntary manslaughter. A ground of the motion for new trial complains of the following charge: "Now, if you should not believe the defendant is guilty of murder, and if you have a reasonable doubt of his guilt of that offense, and yet if you· do not believe that he is justified in any assault made by him on that occasion, then you should next inquire as to some lower grades of offense to which the court will call your attention at this time." The movant contends that the charge amounted to the assumption that the evidence showed that the accused had made an assault upon the deceased, whereas the question as to whether the defendant assaulted the deceased was, under the evidence and the defendant's statement, a question for the jury.

In *Bell* v. *State*, 47 *Ga. App.* 216 (169 S. E. 732), this court said: "In charging the jury in a criminal case it was error under the Penal Code (1910), § 1058 [Code, § 81-1104], for the court 'to assume or seem to assume ·that a transaction was a crime.' *Freeman* v. *State*, 158 *Ga.* 369 (4) (123 S. E. 126); *Minor* v. *State*, 58 *Ga.* 551 (3); *Phillips* v. *State*, 131 *Ga.* 426 (62 S. E. 239)." Of course, an assault is a crime, and "is an attempt to commit a violent injury on the person of another." Code, § 26-1401. In *Ogle* v. *State*, 35 *Ga. App.* 368 (133 S. E. 266), the court said: "On the trial of one charged with assault and battery it was error for the court to charge the jury that 'if *the party assaulted in this case, Roy Wilkerson*, if when he was assaulted he was defending his mother, attempting to defend his mother against an assault that was being made by the wife of the defendant in this case, or anybody else, he would have a right to defend his mother' (italics ours), this charge (as alleged in the motion for a new trial) being an intimation of an opinion that Roy Wilkerson (the party alleged to have been assaulted) had been assaulted; and this error, under the facts of the case, requires a new trial." It is true, as held in *Lastinger* v. *State*, 58 *Ga. App.* 369 (198 S. E. 559), that where a fact is established by undisputed evidence which is not contradicted by the accused in his statement to the jury, it

is not reversible error for the judge in his charge to assume or intimate that the fact has been proved. However, in the instant case, conceding that the evidence showed an assault by the defendant upon the deceased, the defendant in his statement to the jury, while admitting that he struck the deceased with a rock, contended that he did so in self-defense. This statement amounted to a denial that he had assaulted the deceased, because if he struck in self-defense he was justified and was not guilty of an "assault." The question whether the striking of the deceased amounted to an assault was for the jury to determine; and the charge under consideration was reversible error. The cases cited by the solicitor-general are differentiated by their facts from this case.

The other assignments of error, under the facts, are without merit. Since there must be another trial of the case, the general grounds of the motion for new trial are not now considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*