### 30543.  FAUCETTE *v.* THE STATE.

DECIDED JUNE 27, 1944.

*M. G. Hicks, J. F. Kelly,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

MacIntyre, J. What whisky is is a matter of common knowledge. When the witness testified that "what I saw the accused sell was whisky," we think that he was testifying to a *fact discerned by him in the act of observation,* and *not to a conclusion,* which is a mere matter of opinion. While the witness used the word "opinion" in his cross-examination, his answer, even though it might be said to have been opinionative in form, yet, we think, from the context, that he was merely qualifying his statement of the fact that, in his judgment, what he observed was whisky. He was not disproving his statement that what he observed the defendant sell was whisky, but was merely qualifying his statement of fact by the qualifying statement that in his opinion or judgment it was whisky. It has been said that "an answer of a witness is not to be struck out because he qualified his statement of fact by such qualifying statements as 'I would judge,' [and] 'I think.'" Abott's Trial Brief (Mode of Proving Facts), (2d ed.) 183; *Holcombe* v. *State, 5 Ga. App.* 47, 55, 56 (62 S. E. 647).

The testimony being to the effect that the defendant knew whisky when he saw it; that he was familiar with whisky bottles, liquor bottles, and beer bottles; and that he saw the defendant sell a bottle which looked like a whisky bottle, and which contained a liquid that looked like whisky, and which was just like a bottle of whisky that he found on the defendant immediately after the sale, together with his testimony that there was no wine on the shelves of the store of Forrest Davis from which the defendant immediately delivered the whisky (and to which he thereupon returned and was immediately searched by the officer, who found on his person a

bottle of whisky similar in appearance to the one alleged to have been sold by him), and that there was a Federal license posted in this store authorizing the sale of whisky, were sufficient to sustain the conviction of the offense, as charged, of selling whisky in a "dry county." *Evans* v. *State,* 68 *Ga. App.* 118 (22 S. E. 2d, 323); *Carter* v. *State,* 69 *Ga. App.* 570, 577 (26 S. E. 2d, 374).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*