30990. COUCH *v.* THE STATE.

154

DECIDED SEPTEMBER 19, 1945.  REHEARING DENIED NOVEMBER 9, 1945.

*James Maddox,* for plaintiff in error.

*Henderson L. Lanham, solicitor-general,* contra.

GARDNER, J. ██ With reference to the assignments of error on the demurrer, we think it sufficient to say only that the indictment charged that the defendant unlawfully distilled and manufactured liquor. If there be anything in the indictment which may be construed as contended by the defendant, in any of the grounds of his demurrer to the effect that the indictment alleged unlawful as well as lawful acts, the latter may be considered as mere surplusage. This view is sustained by the decision in *Brown* v. *State,* 67 *Ga. App.* 550 (21 S. E. 2d, 268), and cit. It must be kept in mind that the indictment alleged that the offense charged was unlawfully distilling alcoholic liquors, contrary

156

to the laws of this State. The assignments of error on the over-
ruling of the demurrer, both general and special, are without
merit.

■ As to the general grounds, the jury were authorized to be-
lieve the defendant guilty and so found.

■ The first special ground assigns error because, while a wit-
ness for the defendant was testifying, the solicitor-general was
permitted, over the defendant's objections, to propound certain
questions to the witness and elicit certain answers thereto. One
of the questions propounded was whether the witness had been
engaged in illegal traffic in alcoholic liquor. The witness denied
it. Then the witness was further asked if he had not entered a
plea of guilty for selling liquor. Counsel for the defendant then
and there objected on the ground that the plea of guilty would
be the highest and best evidence. The solicitor stated that he
expected to have the record there. Thereupon the court allowed
the solicitor to proceed with this line of questioning, and the
solicitor further propounded a question to the witness as to where
the witness procured the liquor he sold. The witness denied that
he had been in the liquor business, denied that he had sold any
liquor, denied that he had gotten any from the defendant to sell,
and denied that he had ever seen the defendant before. Error is
assigned on this line of questioning, because the solicitor failed
to produce the plea of guilty and did not introduce any record of
an indictment or an accusation in which the witness was charged
with violating the prohibition law, and because for this reason
the ruling of the court in permitting such testimony was harmful
and prejudicial and demanded a new trial. The exceptions in
this ground do not require a reversal, for two reasons: (a) When
a trial judge, over objections, conditionally permits preliminary
questions on the understanding that the party propounding the
questions will connect it up (in this case with a certified copy of
the record), it is the duty of the objecting party, if such testimony
is not connected up, to renew his objections and call the court's
attention to it. The only objection which counsel for the plain-
tiff in error interposed was that the record would be the highest
and best evidence. When the solicitor did not produce a certi-
fied copy, as he stated to the court he would do, counsel for the
plaintiff in error should have renewed his objection, and no doubt

the court would have sustained him. (b) Again, the witness stated that he had never dealt in liquor, had never been convicted, and had never seen the defendant before. In this view, conceding that the court erred, we can not discern that it was harmful or prejudicial to the accused. This ground assigns no reason why this court should reverse the judgment.

■ Special ground 2 complains because of the following charge of the court: "I charge you further, gentlemen, that should you believe that this defendant, in this county, at any time within four years prior to the finding and returning of this bill of indictment into court by the grand jury, was present at a still where and when any one of the alcoholic, spirituous, and intoxicating liquors or beverages named in the indictment was being distilled, manufactured, or made, and on seeing an officer approach fled, his presence and flight, unless satisfactorily explained to the jury, and of which explanation the jury are the sole and exclusive judges, would authorize a conviction for the distilling, manufacturing, or making, alcoholic, or spirituous, or intoxicating liquors, or beverages as charged in the indictment." The errors assigned to this excerpt were: (a) an erroneous conclusion of law; (b) that the judge did not immediately and in conjunction therewith charge the jury "it is not a conclusive circumstance but one that would authorize the jury, if unexplained, to treat the defendant as guilty and convict," and that such principle was nowhere given to the jury; (c) that the court did not charge the definition of circumstantial evidence, and did not state to the jury that the principle which the court gave in charge was an application of law relative to circumstantial evidence; (d) because it was the duty of the court, after having charged an application of the law of circumstantial evidence, to give in connection therewith the definition of circumstantial evidence, so the jury would know how to apply the same; (e) because under such charge the movant might be convicted for making, manufacturing, or distilling alcoholic liquors, which is not made penal under the law.

In support of his contentions the defendant relies on *Smith* v. *State,* 43 *Ga. App.* 223 (158 S. E. 365); *Yonce* v. *State,* 154 *Ga.* 419 (114 S. E. 325); *Alsabrook* v. *State,* 35 *Ga. App.* 592 (134 S. E. 333), and *Lindsay* v. *State,* 32 *Ga. App.* 74 (3) (122 S. E. 649). It is contended by able counsel for the defendant that in

these cases the court charged: "It is not a conclusive circumstance but one that would authorize the jury, if unexplained, to treat the defendant as guilty and convict;" and that the excerpt from the charge complained of in the instant case did not have such a qualifying phrase or any phrase or explanation substantially the same. To state the case differently, the assignment of error goes to the proposition that the presence and flight, while raising a presumption of fact, still was a rebuttable presumption of fact. In our opinion, however, the phrase used by the court in the instant case—"unless satisfactorily explained to the jury, and of which explanation the jury are the sole and exclusive judges"— while not including a statement that it was a rebuttable circumstance or fact, in substance conveyed the same idea to the jury. In this connection, we may observe that the conviction of the defendant was not dependent wholly upon circumstantial evidence. Indeed, the positive and direct evidence of the State, if worthy of belief, beyond peradventure established the identity of the accused and that he was engaged in the operation of a distilling outfit, manufacturing whisky from corn mash. This being true, it was not incumbent upon the court without a written request to charge the rule of circumstantial evidence. There are numerous decisions to this effect. *Mills* v. *State,* 38 *Ga. App.* 125 (143 S. E. 575); *Jones* v. *State,* 38 *Ga. App.* 360 (144 S. E. 14); *Sims* v. *State,* 43 *Ga. App.* 438 (6) (158 S. E. 913). This ground contains no reversible error.

■ Special ground 3 assigns error on the following charge: "You, the jury, are also made by law the exclusive judges as to the credibility of the witnesses. In passing upon their credibility, you may take into consideration all the facts and circumstances of the case, the witnesses' manner of testifying; their means and opportunity of knowing the facts to which they testify, their intelligence, their interest or want of interest in the result of the case, their relationship to the parties, if any, their bias or prejudice, if any exists, the nature of the facts to which they testify, the probability or improbability of their testimony, and also their personal credibility, so far as the same may legitimately appear from the trial of the case." The errors assigned on this charge are: (a) that it was an erroneous statement of the law; (b) that it was an attempt to charge the Code, § 38-107, and in doing so

left out a certain portion, that "the jury may also consider the number of witnesses, although preponderance is not necessarily with the greater number;" (c) that it was particularly harmful to use the words "their relationship to the parties, if any," for the reason that several of the witnesses for the movant were his brothers, related to him, and such words do not appear in the Code section; (d) for the further reason that the court had already charged that the jury might consider "their interest or want of interest in the result of the case," and immediately and in conjunction therewith charged, "their relation, if any, to the party and their bias or prejudice, if any exists;" all of which led the jury to believe that on account of such relationship such testimony was to be disbelieved, and placed an additional burden upon the movant since several of his witnesses were related to him, and to believe that because of such relationship the witnesses were biased and prejudiced. It is true that it is inapt in a criminal case to give the Code, § 38-107, in its entirety, but it is not erroneous, in charging on the question of the credibility of witnesses, to give the portions of said section which apply to the credibility of witnesses. As to the further contention that the court did not charge on the number of witnesses testifying in a criminal case, this court held in *Moore* v. *State,* 57 *Ga. App.* 287 (3) (195 S. E. 320): "Code, § 38-107, insofar as it relates to the determination of where the preponderance of the evidence lies, obviously has no application to a criminal case. *Pressley* v. *State,* 132 *Ga.* 64 (8) (63 S. E. 784); *Gale* v. *State,* 135 *Ga.* 351 (5) (69 S. E. 537); *Helms* v. *State,* 138 *Ga.* 826 (5, 6), 833 (76 S. E. 353). Insofar as it relates to matters pertinent to the consideration of the credibility of witnesses, it may be given in charge to the jury in a criminal case. *Bell* v. *State,* 47 *Ga. App.* 216 (2) (169 S. E. 732); *Thompson* v. *State,* 160 *Ga.* 520 (128 S. E. 756). While the number of witnesses testifying upon an issue in a criminal case may be a circumstance of slight value in determining their credibility, it will not be held reversible error that the trial judge failed to so charge, or that, in inadvertently reading the last sentence of the above section, he immediately charged, 'but that does not apply, you are not guided by the preponderance of the evidence.' *Dickerson* v. *State,* 121 *Ga.* 136 (1), 137 (48 S. E. 942)."

In *Carter* v. *State,* 69 *Ga. App.* 570, 575 (26 S. E. 2d, 374), after discussing the decision on the question, this court said: "In the instant case the court did not charge any element which the jury were not authorized to consider in determining the credibility of the witnesses testifying. Assuredly the jury were authorized to consider the bias or prejudice, if any existed, also their relationship and their personal credibility. If the jury were authorized to consider these elements, certainly the court committed no error in charging the jury that they might do so." See also Code, § 38-1712, and citations in the *Carter* case. This ground is not meritorious.

There is no reversible error for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*