31911. BAGGETT *v.* THE STATE.

Decided May 6, 1948.

*Mitchell & Mitchell, Walter H. Bolling,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.

GARDNER, J. ■ The defendant was convicted on an indictment which, omitting the formal parts, charged him as follows: "did then and there, unlawfully and with force and arms did bargain and sell for a valuable consideration spirituous, distilled vinous and alcoholic liquors and beverages as defined by the act of the General Assembly of Georgia, approved Feb. 3, 1938, the County of Whitfield not being one of the counties of Georgia within which such named liquors and beverages might be legally sold and transported under the terms of said act of the General Assembly of Georgia." He filed a motion for a new trial on the general grounds and thereafter added four special grounds. On the judgment overruling this motion the defendant assigns error.

■ So far as the general grounds are concerned, we will not discuss the evidence, since the case is to be reversed on a special ground. This seems to have been the practice in this court, as well as in the Supreme Court. It is based on the reasoning that the evidence on another trial might be different. See, in this connection, *Culver* v. *State,* 124 *Ga.* 822 (3) (53 S. E. 316); *Betts* v. *State,* 157 *Ga.* 845 (4) (122 S. E. 551); *Edwards* v. *State,* 174 *Ga.* 632 (2) (163 S. E. 157); *Bivins* v. *State,* 200 *Ga.* 729 (9) (38 S. E. 2d, 273); *Tyner* v. *State,* 70 *Ga. App.* 56 (27 S. E. 2d, 351). While this is the general practice here on appeal, there are cases where, because of reasons peculiar to such cases, it is very proper for the appellate court to discuss the evidence in order to clarify the application of such law to particular facts as might occur on a subsequent trial. We have this day decided a case against the same defendant for possessing liquor. The writer is of the opinion that it was very proper and appropriate to discuss the evidence under the general grounds in that case. See *Baggett* v. *State,* 76 *App.* 873 (47 S. E. 2d, 592).

■ During the course of his argument, the solicitor-general made this statement: "One of these four boys lost his life on this occasion as a result of making three trips to Jeff Baggett's house on that date." Counsel for the defendant promptly objected to the argument and made a motion for the court to declare a mistrial on account of this inflammatory and prejudicial statement of the solicitor-general. The reasons given for the motion were, as appears in the record, as follows: "There is not a line of evidence in this case to show how this boy lost his life, or any connection between going to Jeff Baggett's house and in the loss of the life of this boy on this occasion. It is highly prejudicial, and has been stated by the solicitor-general for the purpose of inflaming and prejudicing the jury against this defendant, Jeff Baggett, when there is no evidence and no basis for such assertion, and we ask for a mistrial." The court overruled the motion and stated: "As to whether it had anything to do with his death, I will instruct the jury to disregard that. They will go by the evidence in the case." It is contended that the court did not rebuke the solicitor-general or instruct the jury that such argument was unwarranted and improper nor did the court then or later instruct the jury to disregard such argument and that the court did not in any way reprimand the solicitor. The record further reveals that four men had visited the home of the defendant and they were charged with having purchased intoxicating liquors from the defendant and that later on during the day one of the four lost his life. The record does not reveal any connection whatsoever between the incident of the alleged purchase of the intoxicating liquors and the death of one of the four, or that it happened at the defendant's house. The record does not reveal whether the killing was accidental or criminal. We think that under this record as applied to special ground 1, the court committed reversible error. This court held in *Baggett* v. *State*, supra, headnote 4, as follows: "Where counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the judge to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's at-

torney. or the solicitor-general in a criminal case is the offender. When such argument of counsel is manifestly improper and prejudicial to the defendant, and the trial court neither grants the mistrial, nor rebukes counsel, nor by needful and proper instructions to the jury endeavors to remove the improper impressions from their minds, and the verdict later reached by the jury is adverse to the defendant and is not demanded by the evidence, a new trial is required. See Code, § 81-1009; *Fountain* v. *State*, 23 *Ga. App.* 113 (7) (98 S. E. 178); *Bedsole* v. *State*, 32 *Ga. App.* 792 (124 S. E. 812); *Lober* v. *State*, 60 *Ga. App.* 204 (3 S. E. 2d, 597)." The same reasoning in that case applies in the instant case.

■ Special grounds 2 and 3 assign error on the charge of the court to the effect that they would be authorized to find the defendant guilty if he sold *beer*. It will be observed from the indictment that the defendant in this regard was charged with the sale of "spirituous, distilled, vinous and alcoholic liquors and beverages as defined by the act . . approved Feb. 3, 1938," and that in the County of Whitfield, where the defendant was tried, the alcoholic liquors could not legally be sold. It follows that if the substance denominated as *beer* was sold, according to the evidence, the State has the burden of proving that such beer was alcoholic and came within the class of alcoholic beverages as defined by the act, and as alleged in the indictment. It would be different, of course, if the indictment had been drawn and the defendant charged with the sale of beer or malt beverages under the provisions of the Code, § 58-701 (Ga. L. 1935, p. 73), which reads: "The business of manufacturing, distributing, selling or otherwise dealing in malt beverages as hereinafter defined is a privilege." In the case of *Bilbo* v. *State*, 73 *Ga. App.* 680 (37 S. E. 2d, 812), this court held that the words "malt beverages" and "beer" are in effect synonymous under the act of 1935, Code § 58-701. The act of 1938 (Ga. L. Ex. Sess. 1937-1938, p. 105), under which the indictment in the instant case was drawn, does not mention malt beverages nor beer as such. It does in sec. 5 define alcoholic beverages as follows: "The words 'Spirituous Liquors,' or 'Distilled Spirits,' mean any alcoholic beverage containing alcohol obtained by distillation, mixed with water or other substance in solution, and includes brandy, rum, whisky, gin, cor-

dials, or other spirituous liquors by whatever name called." It is therefore readily seen that where, as here, an indictment is founded on the provisions of the act of 1938, that the beverages therein referred to are beverages, by whatever name called, which are alcoholic. Under such charge as here, by whatever name the alcoholic beverages are called in the indictment, whether beer or some other beverage, the burden is on the State to prove that they are alcoholic as defined in the act of 1938. The exceptions to the charge that the mere proof of a beverage called beer without proof that such beverage is alcoholic, was well taken. Not all beer is alcoholic under the act of 1938, nor is all beer a malt beverage, under the act of 1938. This court has gone no further than to hold that "malt beverages" and "beer" are synonymous under the act of 1935. The exceptions to the charge are well grounded.

■ Special ground 4 assigns error upon the charge of the court regarding the law applicable to circumstantial evidence. Error is assigned because the court in such charge expressed an opinion that there was direct evidence of the defendant's guilt. We can not follow the reasoning of distinguished counsel for the defendant in this ground when we read the charge as a whole in view of the evidence. This ground is without merit.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*