39062.   McDONALD v. THE STATE.

DECIDED OCTOBER 1961.

*John J. Sullivan, W. Ward Newton,* for plaintiff in error.
*E. W. Hill, Solicitor, Harry H. Hunter,* contra.

FRANKUM, Judge.   The evidence in the instant case was in sharp conflict.   It was sufficient to authorize a verdict of guilty. Several of the special grounds of the amended motion for a new trial are not in proper form to raise the questions argued by the defendant.   Other special grounds of the amended motion raise questions which are not likely to recur on another trial of this case.   Therefore, with the exception of the one special ground which presents a reversible error, we will not pass on the merits of the special grounds of the amended motion for a new trial.

Defendant assigns as error the trial court's charge in response to a request by the jury foreman for further instruction.   After the jury had been charged and had retired to the jury room to consider the case, the jury returned to the courtroom, and through

the foreman, asked the court: "Who is the burden of proof on as to whose dog it was, the State or the defendant? Who is the burden of proof on?" The court thereupon charged: "The burden of proof is on the State. And that burden of proof is to be carried by a preponderance of the evidence. By the preponderance of the evidence, does not necessarily—does not necessarily lie with the greater number of witnesses testifying. It is the testimony of the witnesses whose testimony addresses itself to your sound judgment as being the most reliable, and the testimony on which you want to base your verdict, conscientiously."

This charge, in effect, authorized the jury to convict the defendant, if the jury believed the State had carried the burden of proof by a preponderance of evidence, when, as a matter of law, the burden, in order to authorize a conviction of the defendant, was on the State to prove the accused guilty beyond a reasonable doubt. *Code* § 38-110.

Though not applicable to criminal cases, a charge containing portions of *Code* § 38-107, relative to the credibility of witnesses, is not always harmful error. *Pressley v. State*, 132 Ga. 64 (8) (63 SE 784); *Dickerson v. State*, 121 Ga. 136 (48 SE 942). See *Sconyers v. State*, 67 Ga. App. 902 (21 SE2d 504). However, the effect of the charge in this case went beyond the principles of *Code* § 38-107 as a guide for the jury to use in determining the credibility of the witnesses. This was harmful error.

The distinction as to when a charge containing the provisions of *Code* § 38-107 will or will not be harmful error is shown in *Moore v. State*, 57 Ga. App. 287 (195 SE 320), where it was held: "*Code* § 38-107, in so far as it relates to the determination of where the preponderance of the evidence lies, obviously has no application to a criminal case. *Pressley v. State*, 132 Ga. 64 (8) (63 SE 784); *Gale v. State*, 135 Ga. 351 (5) (69 SE 537); *Helms v. State*, 138 Ga. 826 (5,6), 833 (76 SE 537); In so far as it relates to matters pertinent to the consideration of the credibility of witnesses, it may be given in charge to the jury in a criminal case. *Bell v. State*, 47 Ga. App. 216 (2) (169 SE 732); *Thompson v. State*, 160 Ga. 520 (128 SE 756)." In the case of *Mill v. State*, 2 Ga. App. 398 (1) (58 SE 673), it was held: "The law of the preponderance of evidence is not appli-

cable in criminal cases; and where in a particular case there is testimony in behalf of the State and the defendant, and the issue to be determined depends upon the weight which the jury may give to the, conflicting evidence, it is error to charge said law."

Having detrmined that the charge was erroneous, we. must now determine whether it was harmful. The circumstances wherein this charge was given bespeak of its harm. The evidence was in sharp conflict, and the question intimates the jury's difficulty in resolving the issues. The court's final charge probably had the effect of impressing upon the minds of the jurors that it was not necessary for the State to prove the defendant's guilt beyond a reasonable doubt. The charge was tantamount to an instruction that the State need only to prove the defendant's guilt by a preponderance of the evidence, which is a quantum of proof less than proof beyond a reasonable doubt. This was harmful error.

*Judgment reversed. Townsend, P. J., and Jordan, J., concur.*